TEMPLE *v.* PORTAGE TOWNSHIP.

1. TOWNSHIPS—ZONING—ORDINANCES—AMENDMENTS.

Statute authorizing townships to adopt zoning ordinances requires that township zoning boards make recommendations, that the county coordinating zoning committees approve the proposals and that the township boards then adopt, a procedure that is applicable both to the original enactment and to the amendment (CL 1948 and CLS 1956, § 125.271 *et seq.*).

2. SAME—ZONING BOARD—LEGISLATIVE POWER.

Township zoning boards do not have the legislative power to enact zoning ordinances, amendments, and supplements, such power residing exclusively in the township board (CL 1948 and CLS 1956, § 125.271 *et seq.*).

3. SAME—ZONING BOARD—TOWNSHIP BOARD—ADOPTION OF ZONING ORDINANCE—AMENDMENT.

Participation by township zoning boards in the adoption of township zoning ordinances and amendments thereof is limited to the referral of 'the proposal to, consideration, and report thereon by the township zoning board to the township board, which latter board may or may not adopt the ordinance or amendments, with or without amendment, not being limited merely to a power of veto of the township zoning board (CLS 1956, § 125.281).

4. SAME—ZONING BOARD—RECONSIDERATION OF AMENDMENT—PUBLIC HEARINGS. ·

A township zoning board which has held a public hearing upon a proposed amendment to the previously-adopted township zoning ordinance and rejected the proposal as it affected certain property, followed by report of such action to the township

REFERENCES FOR POINTS IN HEADNOTES

[1–3]  58 Am Jur, Zoning §§ 6–8.
[4, 5]  58 Am Jur, Zoning § 10.
[6]  14 Am Jur, Costs § 37.

board which referred the matter back to the township zoning board with the direction that the latter reconsider its action, need not upon such reconsideration hold a second public hearing (CL 1948 and CLS 1956, § 125.271 *et seq.*).

5. SAME—COUNTY COORDINATING ZONING COMMITTEE—APPROVAL— PUBLIC HEARING.

County coordinating zoning committee, empowered by statute to approve or disapprove township zoning ordinances and amendments thereof, but whose consent is conclusively presumed after lapse of 30 days after submission of proposal unless within that time the township clerk is notified of the committee's disapproval, need not hold a public hearing upon the matter of consenting to amendment of a township ordinance or amendment, such hearing not being required by statute, and township board may have power to override the committee's disapproval of a proposal affecting property at township's border (CL 1948 and CLS 1956, § 125.271 *et seq.*).

6. COSTS—PUBLIC QUESTION—TOWNSHIP ZONING ORDINANCE AMENDMENT.

No costs are allowed in suit to invalidate amendment to township zoning ordinance, a public question being involved (CL 1948 and CLS 1956, § 125.271 *et seq.*).

Appeal from Kalamazoo; Hadsell (Philip A.), J., presiding. Submitted October 11, 1961. (Docket No. 58, Calendar No. 48,952.) Decided March 15, 1962.

Bill by Tessie Temple, James Thomas Sloan, Jr., and others against Township of Portage, a municipal political entity, Vane A. Cook, Lewis Andrus, Playhouse Portage, and others to invalidate zoning ordinance change. Bill dismissed. Plaintiffs appeal. Affirmed.

*Ford, Kriekard & Brown* (*Gordon H. Kriekard,* of counsel, *Jerry O'Connor,* of counsel for plaintiffs Sloan), for plaintiffs.

*Robert J. Barber,* for Township of Portage.

· *Fox, Fox & Thompson (Edward P. Thompson,* of counsel), for defendants Cook and Playhouse Portage.

· *Gerald Mc Kessy,* for defendants Andrus.

Souris, J. Plaintiffs challenge the validity of a zoning ordinance amendment adopted by defendant township, their claim being that the procedure followed violated the requirements of the township rural zoning act. PA 1943, No 184 (CL 1948 and CLS 1956, § 125.271 *et seq.* [Stat Ann 1958 Rev and 1959 Cum Supp § 5.2963(1) *et seq.*]).[1] Plaintiffs own land on the eastern boundary of Texas township in Kalamazoo county and the individual defendants are the owners of land on the western boundary of adjoining Portage township. The zoning ordinance amendment affected the use to which the individual defendants could put their land.

Plaintiffs claim that once a township zoning board votes to reject a proposed zoning ordinance amendment, the township board may not thereafter act upon the proposal; that, if the township board may thereafter refer the proposal back to its zoning board, the zoning board must hold a public hearing on its reconsideration even when such a public hearing was held upon the occasion of the zoning board's original consideration of the proposal; and, finally, that in any event the county coordinating zoning committee must hold public hearings in determining whether a proposed amendment to a township zoning ordinance conflicts with zoning ordinances of an adjoining township.

After a public hearing, at which plaintiffs and others objected to the proposed amendment, the Portage township zoning board voted to deny in-

---

[1] The act was amended by PA 1960, No 146, and PA 1961, No 225, both of which took effect after the events involved herein.

dividual defendants' request that the zoning ordinance as it affected their property be amended. Thereafter the township board directed the zoning board to reconsider its prior action and to submit to the township board a report within 15 days. Apparently, the directive had the desired result, for on the next day the zoning board again met and on this occasion adopted a recommendation (to the township board) to amend the ordinance as requested by the individual defendants. Twenty-four hours later the county's coordinating zoning committee met, considered the recommendation and voted to approve the proposed amendment. The township board again considered the matter at a regular meeting[2] about 1 month later and at a subsequent meeting 2 weeks thereafter the township board formally adopted the amendment to the zoning ordinance.

Section 14 of PA 1943, No 184 (CLS 1956, § 125.-284 [Stat Ann 1958 Rev § 5.2963(14)]), provides that zoning ordinance amendments, with which we here deal, and supplements may be made in the same manner provided by the act for enactment of the original ordinance. Thus, statutory provisions cast in terms providing for the zoning board's recommendation, the county coordinating zoning committee's approval, and the township board's adoption of an original zoning ordinance are made applicable to the process of amendment thereof. The procedure for amending an existing ordinance thus specified by reference may result in some confusion because of the manifest inapplicability of some of the statutory provisions, but the provisions pertinent to decision in this case are not subject to that difficulty.

[2] A public hearing was held at this meeting in accordance with the notice requirements of section 11 of the act (CLS 1956, § 125.281, as amended by PA 1959, No 204 [Stat Ann 1959 Cum Supp § 5.2963 (11)]), but action was deferred to the following meeting of the board.

The act when read in its entirety imposes upon zoning boards the duty to study, hold hearings and make recommendations upon proposed zone plans, zoning ordinances, and amendments and supplements thereto. There is nothing in the act to suggest that legislative powers in any respect have been granted to the zoning boards. Such legislative powers, the power to enact zoning ordinances, amendments and supplements, reside exclusively with the township boards, the legislative nature of the duties of such boards being expressly recognized in section 11 of the act. Were we to hold, as appellants urge upon us, that the township boards may enact only those proposals transmitted to them with favorable recommendations by the zoning boards, we would effectively strip the township boards of their legislative powers by reducing the enactment process to one of affirmation or of rejection. The result, for all practical purposes, would be to transfer the real power of enactment to the zoning boards, leaving to the township boards only a power of veto. We do not believe the statutory language can be read in such fashion. Whether the zoning boards recommend adoption or rejection of a proposal, nothing in the act compels the township boards to accede to such recommendation. They may or may not enact proposals favorably recommended by the zoning boards and they may or may not enact proposals not favorably recommended by the zoning boards. The only requirement in this respect imposed upon township boards is that all such proposals to be acted upon by the township boards must be referred first to the zoning boards for their consideration and report. See particularly section 11.

This leads us to the conclusion that the defendant township board was not required to refer back to the zoning board the proposed amendment the zoning board had previously refused to recommend favor-

ably except for the purpose of transmitting the proposal to the county coordinating zoning committee as required by section 10 (CL 1948, § 125.280 [Stat Ann 1958 Rev § 5.2963(10)]). When the zoning board first considered and rejected the proposed amendment, it was not necessary for the county coordinating zoning committee to consider it, but when the township board indicated its inclination to enact the amendment, by referring it back to the zoning board, such reference back permitted its consideration by the coordinating zoning committee. In the view we take of the act, there was no need for another public hearing before the zoning board because there was no further action required to be taken by the zoning board other than referral of the proposal to the coordinating zoning committee. When the zoning board undertook to reconsider its own previous rejection of the proposed amendment and voted upon reconsideration to recommend its adoption by the township board, it did so gratuitously and such reconsideration may not now be used by appellants as a basis for saying a second public hearing was required.

We come finally to appellants' claim that even in the absence of statutory requirement therefor, the county coordinating zoning committee should have held a public hearing before approving the proposed amendment. Whether the committee should have done so as a matter of good practice is not a basis for determining the validity of the amendment to the zoning ordinance here involved. Section 10 of the act requires only that the proposal be submitted to the committee appointed "for the purpose of coordinating the zoning ordinances proposed for adoption," without specifying its powers or the manner in which such coordination is to be achieved. Significantly, the act provides that the committee's consent shall be "conclusively presumed" unless the

township clerk is notified of its disapproval within 30 days. Had the committee done nothing for 30 days after submission of the proposal, appellants on this record could not have complained, as they now seek to do, that no public hearing was held. It is suggested by appellants that the committee has the power to "take final direct affirmative action" of some sort, citing OAG 1947–1948, No 685, p 562, and OAG 1952–1954, No 1600, p 82, but we are not told what form such action could take other than approval or disapproval after a public hearing. Neither the act nor the opinions of the attorney general to which reference has been made supports appellants' suggestion that the committee has power to do any more than approve or disapprove a proposal submitted, nor do they support the suggestion that a township board is powerless to override a committee's disapproval of such a proposal.

We recognize the desirability of an effective means for coordinating zoning ordinances within a county, particularly in situations such as involved in the case at bar where the amendment affects property abutting the boundary between 2 townships. It is also quite certain that the legislature likewise considered coordination of such matters to be desirable. However, the fact remains that the legislature has not specified the powers to be exercised by such committees nor has it given such committees the power to thwart legislative action by township boards.

Affirmed. No costs, a public question being involved.

Dethmers, C. J., and Carr, Kelly, Black, Kavanagh, and Otis M. Smith, JJ., concurred.

Adams, J., took no part in the decision of this case.