## CONGREGATION DOVID BEN NUCHIM v OAK PARK

1. ZONING—PREFERRED USE—RESTRICTIVE ORDINANCE.

   A use of land that bears a real, substantial and beneficial relationship to the public health, safety and welfare of the community is afforded a preferred status, and the burden of proving the validity of a zoning ordinance restricting that use falls on the municipality.

2. ZONING—RELIGIOUS SOCIETIES—PREFERRED USE.

   Use of land for a building for public worship is recognized as bearing a real, substantial, and beneficial relationship to the public health, safety and general welfare so as to be accorded a preferred status under zoning ordinances.

3. ZONING—RELIGIOUS SOCIETIES—PREFERRED USE—RESTRICTIVE ORDINANCE.

   A zoning ordinance permitting places for public worship in residentially zoned areas subject to conditions set forth in the ordinance is invalid to the extent that the ordinance conditions are in conflict with the doctrine that preferred land uses are to be permitted unless the municipality can establish a real and substantial relationship between the exclusion of that use and public health, safety, morals or the general welfare.

4. ZONING—RELIGIOUS SOCIETIES—EXCLUSION OF SYNAGOGUE.

   Denial of plaintiff's application for permission to use its land in a residentially-zoned area for the erection of a synagogue was an arbitrary and unreasonable restriction upon plaintiff's use of its property where defendant's ordinance permitted land in that area to be used for places of public worship provided that certain conditions regarding automobile parking and the location of noisy activities were met, the plaintiff was willing to comply with any and all building regulations, and the zoning appeal board's reasons for denying the application, whether taken separately or as a whole, bore no real and substantial

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Zoning § 14 *et seq.*
[2–4] 58 Am Jur, Zoning § 44.

relation to the public health, safety or welfare of the community.

Appeal from Oakland, Philip Pratt, J. Submitted Division 2 January 4, 1972, at Detroit. (Docket No. 11162.) Decided May 25, 1972.

Complaint by Congregation Dovid ben Nuchim against City of Oak Park to compel issuance of building permit. Judgment for defendant. Plaintiff appeals. Reversed.

*Barris, Sott, Denn & Driker* (by *Donald E. Barris* and *James A. Simpson),* for plaintiff.

*Colman, Goodman & Shifman, P. C.,* for defendant.

Before: LEVIN, P. J., and HOLBROOK and BRONSON, JJ.

HOLBROOK, J. Plaintiff is an orthodox Jewish congregation of the Sephardic ritual. The members of the congregation are forbidden to drive to the synagogue on high holidays and Sabbaths. Thus, to enable attendance at worship services on those days, it is essential that a synagogue be located in relatively close proximity to the members' residences.

In order to erect a synagogue in close proximity to its members, plaintiff purchased a parcel of land located on Lincoln Avenue in the City of Oak Park. The parcel is 216 feet in depth and has a frontage of 210 feet on Lincoln Avenue, a four-lane street divided by a grass median. The general area is zoned residential with several churches, synagogues and schools included.

Plaintiff first sought permission from the City of Oak Park Zoning Appeal Board to build a syna-

gogue in 1967, but the request was denied. On July 23, 1968, a second request was denied. Plaintiff then appealed to the circuit court for declaratory relief and an injunction, both of which were denied on January 27, 1971. Plaintiff appeals from this decision.

I.

Normally, a zoning ordinance is presumed valid, and the burden is on the attacking party to show by competent evidence, the lack of a substantial relationship between the restriction of the ordinance and the public health, safety, or general welfare of the community. *Brae Burn, Inc v Bloomfield Hills,* 350 Mich 425 (1957). However, certain uses of land have come to be recognized as bearing a real, substantial, and beneficial relationship to the public health, safety and welfare of the community so as to be afforded a preferred status. *Bristow v City of Woodhaven,* 35 Mich App 205 (1971). Where a proposed use has acquired a preferred status, the presumption in favor of the restriction is terminated. Thus, the municipality has the burden of proving the validity of the restriction by producing competent evidence to show a real and substantial relationship between the restriction on the use of the property and the public health, safety and welfare of the community. *Bristow v City of Woodhaven, supra.*

In determining whether a proposed use is recognized as having a preferred status, we turn to the state constitution, statutes, judicial precedents, or a combination of these factors. *Bristow v City of Woodhaven, supra.*

The ordinance of 1787 for the governing of the Northwest Territory, of which Michigan was a

part, pronounced a conviction, reiterated in Michigan Constitutions including the Constitution of 1963, art 8, § 1, that religion, morality, and knowledge should be encouraged, *viz.:*

"Religion, morality and knowledge being necessary to good government and the happiness of mankind, schools and the means of education shall forever be encouraged."

In *Roman Catholic Archbishop of Detroit v Orchard Lake,* 333 Mich 389 (1952), the Supreme Court made clear that religion is accorded a favored status in our society. In so doing, the Court held that a zoning ordinance which operated to exclude churches[1] from an entire village was in direct contradiction to the constitutional provision setting forth the necessity to good government of religion, morality and knowledge. As such, the ordinance was not presumed valid and was found void.

In view of the aforesaid, we hold that the use of land for a church is recognized as bearing a real, substantial, and beneficial relationship to the public health, safety, and general welfare so as to be accorded a preferred status. Consequently, the municipality, herein, has the burden of establishing the validity of the restrictive ordinance by producing competent evidence showing a real and substantial relationship between the exclusion of the proposed use of the property to build a church and the public health, safety, morals or general welfare. *Bristow v City of Woodhaven, supra;* and *Roman Catholic Archbishop of Detroit v Orchard Lake, supra.*

---

[1] In this opinion, the term church is used to include any type of building for public worship.

## II.

The City of Oak Park Zoning Ordinance provides as follows:

"5.13(1). *Permissible on Appeal.* Under such reasonable conditions as the Board of Zoning Appeals may impose to preserve and promote the character of the district and the intent of this chapter, the following uses may be permitted on appeal, if the Board finds that the proposed location of any such use will be desirable to the public convenience or welfare and will be in harmony with the various elements and objectives of the master plan, as from time to time amended, of the City of Oak Park:

"(a) Churches, subject to such conditions as shall require adequate provision for the parking of automobiles; adequate front, side and rear yards; adequate provisions for the location of noisy activities, on such portion of the lot as to protect the character of the district in which it is located."

We note that the ordinance permits churches in areas zoned residential subject to the conditions set forth therein. However, because the use of land for church purposes is afforded a preferred status, the standard for permitting churches in these areas is determined by the standard inherent in the doctrine of preferred uses. Thus, churches are permitted in these areas unless the city can establish a real and substantial relationship between the attempted exclusion and public health, safety, morals or the general welfare. *Bristow v City of Woodhaven, supra;* and *Roman Catholic Archbishop of Detroit v Orchard Lake, supra.* To the extent that the conditions of the ordinance are in conflict with this standard, they are invalid.

## III.

The City of Oak Park Zoning Appeal Board

made the following findings of fact in support of the denial of plaintiff's application for permission to use their land for church purposes:

"Motion by Corwin supported by Kushler, to deny the appeal in case N. 868, setting down the following facts as a part of the records:

"1. The lot size of the property involved is 210′ x 216′.

"2. The board directed the deputy city clerk to include the following excerpt from the city code, Chapter 37, 5.13 (1): 'Under such reasonable conditions as the Board of Zoning Appeals may impose to preserve and promote the character of the district and the intent of this chapter, the following uses may be permitted on appeal, if the board finds that the proposed location of any such use will be desirable to the public convenience or welfare and will be in harmony with the various elements and objectives of the master plan, as from time to time amended, of the City of Oak Park:

" '(A) Churches, subject to such conditions as shall require adequate provision for the parking of automobiles; adequate front, side and rear yards; adequate provisions for the location of noisy activities, on such portion of the lot as to protect the character of the district in which it is located.'

"3. The plans submitted by the appellant shows that there would be parking within 5 and 10 feet of several residential buildings.

"4. The proposed building site is surrounded on 3 sides by single family residences.

"5. The land had a house on it at the time that many of the residences surrounding the property were built and purchased; the land is also zoned residential."

It is clear that these findings relied upon by the Zoning Appeal Board to exclude the church as a permitted use, whether taken separately or as a whole, bear no real and substantial relation to the public health, safety or welfare of the community. This is especially true in view of plaintiff's express willingness to comply with any and all building regulations. The exclusion of the church as a

permitted use was, therefore, an arbitrary and unreasonable restriction upon the plaintiff's use of their property.

For the reasons herein stated, we determine that plaintiff is entitled to the relief requested in its complaint filed in the circuit court, and further that defendant is required to issue a proper permit to plaintiff to use its land for church purposes subject to any and all building regulations of the City of Oak Park.

Reversed, without costs, a public question being involved.

All concurred.