CODY PARK ASSOCIATION v ROYAL OAK SCHOOL DISTRICT

Docket No. 59793. Submitted December 15, 1981, at Detroit.—Decided
May 5, 1982. Leave to appeal applied for.

The School District of the City of Royal Oak entered into an
agreement with Oakview Cemetery Association to exchange
certain property owned by the school district for property
owned by Oakview and used as a maintenance garage. The
school district intended to use the property and the building
thereon as a vehicle repair facility, offices, and a place to park
its fleet of school buses, trucks and staff vehicles. The property
is located in an area of the city which is zoned for single family
residences. Oakview had received a special exception from the
zoning regulation from the city to erect the storage and mainte-
nance building. The school district intended to use the property
for their purposes without first seeking or securing the permis-
sion of the city. Persons owning property adjacent to the
Oakview property formed the Cody Park Association and
brought suit in Oakland Circuit Court seeking a permanent
injunction to restrain the school district from making changes
in the Oakview property without first obtaining permission
from the city. The school district then sought a court determi-
nation that it was not subject to the zoning ordinances, that the
ordinances were vague and contradictory and therefore void,
and that plaintiff, Cody Park Association, was not the real
party in interest and had no standing or capacity to sue. The
court, John N. O'Brien, J., denied defendants' motion for sum-
mary judgment and accelerated judgment based on these argu-

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 145, 146.

[1-3] 82 Am Jur 2d, Zoning and Planning §§ 2, 149-152.
Applicability of zoning regulations to governmental projects or
activities. 61 ALR2d 970.

[2, 3] 82 Am Jur 2d, Zoning and Planning §§ 157-157.7, 170.
Zoning regulations as applied to public elementary and high
schools. 74 ALR3d 136.

[3] 6 Am Jur 2d, Associations and Clubs § 51.
56 Am Jur 2d, Municipal Corporations, Counties, and Other Politi-
cal Subdivisions § 847.

ments. Defendant then had the City of Royal Oak joined as a party plaintiff and counter defendant and filed a complaint seeking a declaratory judgment stating the school district is not subject to the zoning ordinances of the City of Royal Oak. The court denied the relief sought by the school district, concluding that the Cody Park Association has standing to sue and is a real party in interest, that the school district is not immune to the zoning ordinances and that the school district must seek a variance for its proposed use of the property. The school district appeals. *Held:*

1. Legislative intent, where it can be discerned, is the test for determining whether a governmental unit is immune from the provisions of local zoning ordinances. There is nothing in the School Code of 1976 that shows any legislative intent to exempt school districts from the effect of local zoning ordinances which might restrict the use and location of bus and vehicle maintenance and storage activities.

2. The provisions of the city's zoning ordinances which are involved in this case are not unenforceable because of ambiguities and conflicting terms.

3. The trial court correctly denied the school district's motion for accelerated judgment by which the capacity and standing of the Cody Park Association to bring suit was challenged.

Affirmed.

1. ZONING — ORDINANCES — GOVERNMENTAL IMMUNITY.

The legislative intent, where it can be discerned, is the test for determining whether a governmental unit is immune from the provisions of local zoning ordinances.

2. SCHOOLS — ZONING — ORDINANCES — STATE AGENCIES.

The fact that a school district is a state agency does not exempt it from the effect of local zoning ordinances which might restrict the use and location of bus and vehicle maintenance and storage activities.

3. PARTIES — REAL PARTY IN INTEREST — SCHOOLS — ZONING — COURT RULES.

A trial court did not err in ruling that an unincorporated voluntary association of property owners had standing and capacity to bring suit to force a school district to comply with local zoning ordinances which might have restricted the use and location of bus and vehicle maintenance and storage activities; the court rule requiring an action to be prosecuted in the name of the "real party in interest" was meant to protect a defendant from being repeatedly harassed by a multiplicity of suits

for the same cause of action, but so long as the defendant's rights are fully protected in the litigation by a final and conclusive adjudication of the rights in controversy that may be pleaded in bar to any further suit instituted by any other party, he cannot complain for he is not harmed (GCR 1963, 201.2).

*Bernstein & Rabinovitz, P.C.,* for Cody Park Association.

*Dell, Shantz, Booker & Schulte,* for Royal Oak School District.

*Teresa E. Schafer,* City Attorney, for the City of Royal Oak.

Before: N. J. KAUFMAN, P.J., and BASHARA and R. I. COOPER,* JJ.

R. I. COOPER, J. Defendant is a third-class school district which seeks to acquire and use a building and surrounding property as a vehicle repair facility, offices, and a place to park its fleet of approximately 20 school buses, 10 trucks, and 25 staff vehicles. The building and land in question have been owned by Oakview Cemetery Association which, in 1971, had obtained a special exception from the City of Royal Oak to erect a storage and maintenance building. The remainder of the land was leased to the city and used as a park. Plaintiff, Cody Park Association, seeks a permanent injunction to restrain the school district from making changes in the property without having first sought and secured the permission of the city, as required in the city's zoning ordinances. The school district thereafter sought a court determination that the school was not subject to the city's zoning ordinances; that the pertinent portion of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the ordinances were vague and contradictory and therefore void; and that Cody Park Association had no standing or capacity to sue and was not the real party in interest under GCR 1963, 201.2. The trial court denied the determinations sought by the school district pursuant to its motions for summary judgment and accelerated judgment. The City of Royal Oak was brought in as a party plaintiff.

The Michigan Supreme Court has provided guidance regarding the general question of whether a state agency has immunity from the effects of local zoning as follows:

"It has not been resolved with finality, whether our state or its agencies are inherently immune from local zoning ordinances."

"We hold today that the legislative intent, where it can be discerned, is the test for determining whether a governmental unit is immune from the provisions of local zoning ordinances." *Dearden v Detroit,* 403 Mich 257, 264; 269 NW2d 139 (1978).

In *Dearden,* the Michigan Department of Corrections was seeking to locate a half-way house in a residential area. The zoning board of appeals denied this requested use. In trying to ascertain the intent of the Legislature as to whether the Department of Corrections was or was not subject to local zoning ordinances, the Court observed the following statutory language regarding the Department of Corrections:

"Subject to constitutional powers vested in the executive and judicial departments of the state, the department shall have exclusive jurisdiction over the following: * * * (c) penal institutions * * *." MCL 791.204; MSA 28.2274.

The Court continued its analysis with the following determination:

"We read this language as a clear expression of the Legislature's intent to vest the department with complete jurisdiction over the state's penal institutions, subject only to the constitutional powers of the executive and judiciary, and not subject in any way to any other legislative act, such as the zoning enabling act." *Dearden, surpa,* 265.

The Court also observed that there was a legislative intent to vest full power in the Department of Corrections to develop a unified and general system of state correctional institutions and that this general goal would have priority over local worries or anxieties should a correctional facility be placed in a community setting which might result in local zoning attempts trying to bar such a facility. Further, the Court also observed that the zoning enabling act did not disclose what effect a zoning ordinance would have on state agencies.

It is necessary to analyze the statutes pertaining to school districts in order to ascertain whether similar legislative intent exists on behalf of school districts, thereby exempting school districts from the effect of local zoning ordinances which might restrict the use and location of bus and vehicle maintenance and storage activities.

A careful review of the School Code of 1976, 1976 PA 451, MCL 380.201 *et seq.;* MSA 15.4201 *et seq.,* and also articles 2, 3, and 4 of the School Code fails to disclose the same specificity found by the Michigan Supreme Court in the *Dearden* ruling, to-wit, that there is language showing a legislative intention that school districts would have exclusive jurisdiction. MCL 380.1141; MSA 15.41141 does exempt a school district from taxation. How-

ever, this is a specific exemption pertaining only to taxes. MCL 380.250; MSA 15.4250 provides specific authority to a school board as follows:

"The board may: .

"(a) Locate, acquire, purchase, or lease in the name of the school district site or sites within or without the district for schools, libraries, administration buildings, agricultural farms, athletic fields, and playgrounds, which may be necessary."

There is nothing in this authorization which indicates exclusive school district jurisdiction. Such language simply designates the proper authority by which schools, libraries, administrative buildings, etc., may be located and acquired, namely, the school board. In the same vein, MCL 380.1342; MSA 15.41342 authorizes the board of a school district to purchase, construct, or lease buildings necessary for the safe storage or maintenance and repair of school buses. The mere fact that the Legislature has specified the designated decision-making authority for such purposes cannot be extended to support an interpretation that such authority is exclusive and thus not subject to local zoning ordinances.

The defendant school district is not without recourse as to the effects of local zoning. It may appeal to the zoning board of appeals and, if it feels an improper decision has been rendered at that level, it has the further recourse of appealing to the circuit court. Such recourse is proper in situations such as that presented by the present case where there are competing interests between governing authorities. Although a school district is recognized as a state agency, nevertheless it is guided by local school boards. It cannot be said such a local school board should have greater or

lesser powers over local zoning ordinances unless such authority is specifically designated by the Legislature. A careful reading of the School Code fails to reveal such a legislative intent.

The school district's argument that the city's zoning ordinances are not enforceable because of ambiguities and conflicting terms also fails. The premises involved in the present litigation is zoned by the City of Royal Oak as a one-family residential zone. However, exception is made for publicly owned buildings, public utility buildings, telephone exchanges, transformer stations and substations, and gas regulator stations. In addition, however, these exceptions are not allowed to be accompanied by garages or maintenance buildings. Further, the exceptions listed must be presented for approval to the City Plan Commission and found to be not injurious to the surrounding neighborhood and to be in accord with the spirit and purposes of the zoning ordinance. Further, the ordinance does allow for the existence of public schools within the same one-family zone. The city ordinances also provide for "special exceptions", "for conditional uses" and "for permitted conditional uses". The section pertaining to permitted conditional uses does state that all such uses abide by all applicable regulations of the zone in which they are proposed to be located. The school district interprets this portion as being contradictory. This Court disagrees. The city prevails when it argues that this provision simply means that all permitted conditional uses must merely meet the requirement that said use comply with height, area, lot coverage, fencing, green space, and similar restrictions.

The school district argues that the Cody Park Association does not have standing as a real party

in interest. GCR 1963, 201.2 states that every action must be prosecuted in the name of the real party in interest. Sec. 201.3(3) states:

"A partnership, partnership association or any unincorporated voluntary association having a distinguishing name may sue or be sued in its partnership or association name, or in the names of any of its members designated as such or both."

The Cody Park Association in its pleadings clearly designates itself as an unincorporated voluntary association. Evidently the association membership consists only of a couple of property owners or users. A defendant is not harmed provided the final judgment is a full, final and conclusive adjudication of the rights in controversy that may be pleaded in bar to any further suit instituted by any other party. *Kearns v Michigan Iron & Coke Co,* 340 Mich 577; 66 NW2d 230 (1954). Certainly the joinder of the City of Royal Oak also has expanded the scope of interests that have been addressed in this litigation. The trial court is correct in its denial of the school district's motion for accelerated judgment by which the capacity and standing of the Cody Park Association to bring suit was challenged.

Affirmed. No costs, a public question being involved.