LUTHERAN HIGH SCHOOL ASSOCIATION v CITY OF
FARMINGTON HILLS

Docket No. 73101. Submitted December 6, 1984, at Detroit.—Decided
November 4, 1985. Leave to appeal applied for.

The Lutheran High School Association of Greater Detroit, a
nonprofit corporation engaged in the operation of parochial
high schools, purchased a former public elementary school
building in the City of Farmington Hills for use as Lutheran
High School Northwest. The association thereafter submitted to
the city's zoning department for approval plans for a gymna-
sium which the association wished to construct at the high
school. The city's zoning administrator informed the association
that not only was the addition of the gymnasium violative of
the city's zoning ordinance but also the operation of the high
school, even without the addition, was violative of the zoning
ordinance's traffic and parking provisions. The association
sought from the city's zoning board of appeals a zoning vari-
ance to operate the high school. The variance was denied. The
association commenced in Oakland Circuit Court an action
against the City of Farmington Hills, the city's zoning adminis-
trator and the zoning board of appeals, seeking declaratory and
injunctive relief restraining the city from enforcing its zoning
ordinance so as to prohibit the operation of the high school or
the construction of the gymnasium. Plaintiff moved for sum-
mary judgment. The trial court, Alice L. Gilbert, J., granted
the motion for summary judgment, holding that the zoning
provision relative to traffic access to the property could not be
enforced against plaintiff. Defendants appeal. *Held:*

1. Plaintiff's claim that it is immune from local zoning
regulation because it is discharging the state responsibility of
providing education and thus subject only to state regulation
fails in that there is no indication that the Legislature intended
the provisions of the School Code to act to suspend the opera-

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Zoning and Planning §§ 149 *et seq.*
    See the annotations in the ALR3d/4th Quick Index under Zoning
    § 5.
[2, 3] Am Jur 2d, Zoning and Planning §§ 157 *et seq.*
    Zoning regulations as applied to private and parochial schools
    below the college level. 74 ALR3d 14.

tion of a local zoning ordinance enacted pursuant to the zoning enabling act.

2. Parochial schools have no special preferred status with respect to the application of zoning ordinances. A zoning ordinance comes clothed with the presumption of validity, and the burden is on the party attacking the ordinance to show by competent evidence the lack of a substantial relationship between the restriction of the ordinance and public health, safety or the general welfare.

3. The trial court erred in granting summary judgment in favor of plaintiff, since plaintiff was not entitled to judgment as a matter of law, there being contested questions of fact.

Reversed and remanded.

1. ZONING — ORDINANCES — GOVERNMENTAL UNITS.

The legislative intent, where it can be discerned, is the test for determining whether a governmental unit is immune from the provisions of local zoning ordinances (MCL 125.581 *et seq.;* MSA 5.2931 *et seq.).*

2. SCHOOLS — ZONING — ORDINANCES — PAROCHIAL SCHOOLS.

The fact that a parochial school is discharging a state function by providing education and is thus subject to state regulation does not exempt it from compliance with local zoning ordinances, since there is no clear showing that the Legislature intended that schools be exempt from local zoning ordinances.

3. ZONING — ORDINANCES — PRESUMPTIONS — BURDEN OF PROOF — PAROCHIAL SCHOOLS.

Zoning ordinances are presumed valid, and the burden is on the party attacking a zoning ordinance to show by competent evidence the lack of a substantial relationship between the restriction of the ordinance and public health, safety or the general welfare of the community; parochial schools may be regulated to the same extent as any other land use and do not have a preferred status; accordingly, they bear the same burden of proving the lack of substantial relationship.

*Lapham & Doyle* (by *Timothy J. Doyle),* for plaintiff.

*Brennan, Bibeau & Poehlman, P.C.* (by *Paul H. Bibeau),* for defendants.

Amicus Curiae:

*Gromek, Bendure & Thomas* (by *Daniel J. Wright),* for Michigan Association of Nonpublic Schools.

Before: Danhof, C.J., and T. M. Burns and R. H. Bell,\* JJ.

R. H. Bell, J. Defendants appeal as of right from a circuit court order which granted plaintiff's motion for partial summary judgment, GCR 1963, 117.2(3), on Counts I and II of plaintiff's complaint. The circuit court held that the vehicular access zoning ordinance of defendant City of Farmington Hills was not applicable to plaintiff's parochial high school.

Plaintiff Lutheran High School Association of Greater Detroit is a nonprofit corporation engaged in operating parochial high schools. In July, 1980, plaintiff purchased a public elementary school building for use as Lutheran High School Northwest. Lutheran High School Northwest began operation and conducted classes for the 1980-81 school year. In the spring of 1981, plaintiff decided to construct a gymnasium at the high school. Plaintiff submitted the gymnasium plans to the zoning department of defendant city for its approval. Defendant city zoning administrator notified plaintiff that both the construction of the gymnasium and the operation of the high school were in violation of the city's zoning ordinances. Plaintiff's application for a zoning variance was denied by defendant zoning board of appeals in June, 1981.

Defendant city's zoning ordinance classifies the property upon which plaintiff's high school is located as a one-family residential district. Among the principle uses permitted on the property, al-

\* Circuit judge, sitting on the Court of Appeals by assignment.

though subject to special conditions and review by defendant city's planning commission, are public, parochial or private intermediate or secondary schools and parochial or private elementary schools offering courses in general education. The special condition applicable to plaintiff's property concerns access to a major thoroughfare or secondary thoroughfare and requires vehicular access to an existing or planned major thoroughfare, freeway service drive or secondary thoroughfare. Defendant zoning board of appeals found that access to plaintiff's school was not by means of a major or secondary thoroughfare.

Plaintiff instituted the instant action seeking, *inter alia,* declaratory and injunctive relief. In Count I, plaintiff sought a declaration that the decision of defendant board of zoning appeals was unconstitutional and that defendant city's zoning ordinance was inapplicable to plaintiff because both the providing of education and the construction of school buildings was solely a "matter of state concern". In Count II, plaintiff requested an injunction permanently enjoining defendant city from enforcing its zoning ordinance to prohibit plaintiff from operating the school. The circuit court issued a preliminary injunction restraining defendant city from enforcing its zoning ordinance.

Plaintiff then filed a motion for partial summary judgment on Counts I and II pursuant to GCR 1963, 117.2(3). The court granted the motion, finding that, while municipalities may regulate land use through zoning, the regulation of education was a state function and subject to state regulation. The court also held that a parochial school should be treated with greater deference than a public school. Accordingly, the court determined that defendant city's zoning ordinances did not apply to plaintiff's use and issued a permanent

injunction enjoining defendant city from interfering with plaintiff's use of the property, including construction of the gymnasium.

I

The zoning enabling act, MCL 125.581 *et seq.;* MSA 5.2931 *et seq.,* which grants cities and villages authority to engage in zoning regulation, provides in part:

"The *legislative body of a city or village may regulate and restrict the use of land and structures;* to meet the needs of the state's residents for food, fiber, energy and other natural resources, places of residence, recreation, industry, trade, service, and other uses of land; to insure that uses of the land shall be situated in appropriate locations and relationships; to limit the inappropriate overcrowding of land and congestion of population and transportation systems and other public facilities; *to facilitate adequate and efficient provision for transportation systems,* sewage disposal, water, energy, *education,* recreation, and other public service and facility needs; and to promote public health, safety, and welfare, and for those purposes may divide a city or village into districts of the number, shape, and area considered best suited to carry out this section." MCL 125.581; MSA 5.2931 (emphasis added).

The act clearly provides the authority for zoning ordinances, such as the one found in the present case, which seek to reduce traffic, congestion and noise. The circuit court found, however, that plaintiff was not subject to defendant city's zoning ordinance because the regulation of education was a state function.

In *Dearden v Detroit,* 403 Mich 257, 264; 269 NW2d 139 (1978), the Supreme Court held that "the legislative intent, where it can be discerned, is the test for determining whether a governmen-

tal unit is immune from the provisions of local zoning ordinances". In *Dearden,* the Court found that the Department of Corrections, a state agency, was immune from a local zoning ordinance which affected property on which the department sought to locate a rehabilitation center. The Court, relying on the fact that the zoning enabling act did not indicate whether or not the Legislature intended to subject the department to local zoning ordinances and the fact that the legislation creating the Department of Corrections provided that the Department of Corrections "shall have exclusive jurisdiction" over penal institutions, held:

"We read this language as a clear *expression of the Legislature's intent* to vest the department with complete jurisdiction over the state's penal institutions, subject only to the constitutional powers of the executive and judiciary, and not subject in any way to any other legislative act, such as the zoning enabling act.

* * *

"As noted above, the zoning enabling act does not *indicate whether or not the Legislature intended to subject the department to local zoning ordinances.* We can find no expression of a legislative intent in the language of that act to subject the department's exclusive jurisdiction over the state's penal institutions, and its duty to coordinate and adjust those institutions as an integral part of a unified, general correctional system, to the many and varied municipal zoning ordinances throughout the state." 403 Mich 265, 266-267 (emphasis added).

We note that in *Dearden* the Court applied this analysis despite the fact that the actual owner of the property was not a state agency:

"We reject the city's contention that the archdiocese, as a private lessor, cannot claim immunity from defendant's zoning ordinance even if its lessee is immune, by

observing that the entire statutory scheme of the zoning enabling act, MCL 125.581 et seq.; MSA 5.2931 et seq., is concerned with regulating the use of lands and structures, not ownership." 403 Mich 267 (footnote omitted).

In the present case, plaintiff claims immunity from defendant city's zoning ordinance because it seeks to operate a parochial school on its property. Relying on the School Code of 1976, MCL 380.1 et seq.; MSA 15.4001 et seq., plaintiff argues that regulation of education is a state function and, therefore, plaintiff's school is exempt from the effect of local zoning ordinances. Specifically, plaintiff relies on § 250 of the School Code which defines the school board's duties as follows:

"The board may:
"(a) Locate, acquire, purchase, or lease in the name of the school district site or sites within or without the district for schools, libraries, administration buildings, agricultural farms, athletic fields, and playgrounds, which may be necessary." MCL 380.250; MSA 15.4250.

In *Cody Park Ass'n v Royal Oak School Dist*, 116 Mich App 103, 107; 321 NW2d 855 (1982), *lv den* 417 Mich 985 (1983), this Court addressed this issue and found that the School Code of 1976 "fails to disclose the same specificity found by the Michigan Supreme Court in the *Dearden* ruling, to-wit, that there is language showing a legislative intention that school districts would have exclusive jurisdiction". Regarding MCL 380.250; MSA 15.4250, the Court stated:

*"There is nothing in [MCL 380.250; MSA 15.4250] which indicates exclusive school district jurisdiction.* Such langugage simply designates the proper authority by which schools, libraries, administrative buildings, etc., may be located and acquired, namely, the school

board. * * * The mere fact that the Legislature has specified the designated decision-making authority for such purposes cannot be extended to support an interpretation that such authority is exclusive and thus not subject to local zoning ordinances.

"* * * It cannot be said such a local school board should have greater or lesser powers over local zoning ordinances unless such authority is specifically designated by the Legislature. A careful reading of the School Code fails to reveal such a legislative intent." *Cody, supra,* pp 108-109 (emphasis added).

In *Cody,* the school district sought to acquire and use a building and surrounding property as a vehicle repair facility for its school buses, trucks, and staff vehicles. The circuit court in the present case distinguished *Cody* because it involved "an ancillary function of the school rather than the basic function of educating individuals". We do not believe this is a relevant distinction. Although the Court examined the specific issue of whether or not vehicle storage was prohibited, the Court in *Cody* addressed the general issue of whether the school district was immune from a local zoning ordinance under the analytical framework of *Dearden.*

We are persuaded by the rationale of *Cody,* and also hold that the School Code of 1976 does not show a clear legislative intent that schools be exempt from local zoning ordinances.[1] We find that the circuit court erred in granting summary judgment on Count I and II of plaintiff's complaint on the basis of *Dearden.*

## II

The circuit court also found defendant city's

---

[1] Plaintiff also argues that such legislative intent may be found in the statute governing the construction of public and private school buildings, MCL 388.851; MSA 15.1961. That statute concerns construction requirements and in no way manifests a legislative intent that schools not be subject to local zoning ordinances.

zoning ordinance inapplicable to plaintiff's school because the school is a parochial high school.[2] Generally, a zoning ordinance is presumed valid, and the burden is on the attacking party to show by competent evidence the lack of a substantial relationship between the restriction of the ordinance and public health, safety, or general welfare of the community. *Brae Burn, Inc v Bloomfield Hills,* 350 Mich 425; 86 NW2d 166 (1957). The circuit court, however, found that the majority view is that parochial schools are to be treated with greater deference than public schools.

The concept of "preferred uses" is summarized in 2 Rathkopf, Law of Zoning and Planning, § 17.02[b][1], p 17-9:

"The majority view holds that the presence of churches and schools in residential zones promote the general welfare; exclusion therefrom is thus invalid. Some courts have held that exclusion of churches from a residential zone conflicts with the constitutionally guaranteed freedom of religion. The judicial trend, however, is toward the minority view: Churches and schools can be regulated or excluded in the same way as any other land use in a residential zone." (Footnotes omitted.)

At one time it was recognized that certain uses of land have a preferred status, *Bristow v City of Woodhaven,* 35 Mich App 205; 192 NW2d 322 (1971), and this Court extended that concept to include the use of land for religious purposes in *Congregation Dovid Ben Nuchim v Oak Park,* 40

[2] We note that although plaintiff requested the court to declare defendant city's zoning ordinance "unconstitutional", plaintiff has neither challenged the ordinance as an unconstitutional burden on the free exercise of religious beliefs nor raised equal protection concerns based on unequal enforcement.

Mich App 698; 199 NW2d 557 (1972). In *Kropf v Sterling Heights,* 391 Mich 139; 215 NW2d 179 (1974), the Supreme Court overruled this doctrine and held that all zoning ordinances hold a presumption of validity.[3] Regarding a challenge to a zoning ordinance, the Court held:

"Insofar as decisions of the Court of Appeals are based solely on the concept of 'favored or preferred use' and the attendant shifting of burden of proof, they are hereby overruled. Plaintiffs must bear the burden of proof in attacking the constitutionality of the ordinance in question. It is up to them to present sufficient proofs to the court showing that the defendant city by its action violated one of their aforesaid constitutional rights and thus acted 'unreasonably'. They must show that the city, via its ordinance denied them substantive or procedural due process, equal protection of the laws, or deprived them of their property without just compensation. To each of these claims the court will apply their proofs presented and determine if they have met their burden in showing the ordinance in question to be 'unreasonable', for, as we have said, reasonableness is the test of its validity." *Kropf, supra,* pp 156-157.

Thus, we believe that in Michigan churches and schools may be regulated to the same extent as any other land use. Therefore, in the present case, plaintiff has the burden of proving by competent evidence that defendant's zoning ordinance has no reasonable relation to the public welfare or that defendant's zoning ordinance is an arbitrary and capricious regulation. *Kropf, supra,* pp 157-159.

A motion made pursuant to GCR 1963, 117.2(3),

---

[3] In *Kropf,* pp 155-156, the Supreme Court distinguished an ordinance which *totally* excludes a use from a municipality. That was the situation present in *Roman Catholic Archbishop of Detroit v Village of Orchard Lake,* 333 Mich 389; 53 NW2d 308 (1952), where a local ordinance operated to exclude all churches and schools from a community. On appeal, plaintiff readily concedes such a situation is not present in the instant case.

tests the factual support for plaintiff's claim. A motion for summary judgment should not be granted when there is a genuine issue of material fact. *Soderberg v Detroit Bank & Trust Co,* 126 Mich App 474, 479; 337 NW2d 364 (1983), *lv den* 419 Mich 867 (1984). We believe that the trial court erred by concluding that no material issue of fact existed. Plaintiff's motion and supporting affidavit do not show, by the type of competent evidence contemplated by the Supreme Court in *Kropf,* that plaintiff is entitled to judgment as a matter of law.

We hold that the circuit court improperly granted summary judgment on Counts I and II of plaintiff's complaint. The circuit court order granting plaintiff's motion for partial summary judgment is reversed and this case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.