SELECTIVE GROUP, INC v CITY OF FARMINGTON HILLS

Docket No. 106855. Submitted July 11, 1989, at Lansing. Decided October 16, 1989. Leave to appeal applied for.

Selective Group, Inc., a prospective purchaser of a five-acre parcel zoned for single family residential use in the City of Farmington Hills, requested of, and was denied by, Farmington Hills a rezoning of the parcel for commercial use. Selective Group brought an action against Farmington Hills in the Oakland Circuit Court and alleged that the ordinance under which the parcel was zoned residential was unreasonable and confiscatory. Following a bench trial, the court, Frederick C. Ziem, J., entered a judgment in favor of defendant. Plaintiff appealed.

The Court of Appeals *held:*

1. The current classification of the parcel in question is in conformity with a comprehensive plan as developed and implemented by Farmington Hills. The fact that other parcels adjacent to the disputed parcel have been developed for office use is not an indication that the current zoning is unreasonable inasmuch as the challenged ordinance does not define office use to be commercial, and light office development was contemplated under Farmington Hills' comprehensive plan as a buffer between residential and commercial districts.

2. Plaintiff did not establish that the challenged ordinance, if enforced, would preclude use of the parcel in question for any purposes to which it is reasonably adapted. Plaintiff therefore failed in its burden of proving confiscation.

Affirmed.

1. ZONING — APPEAL — DE NOVO REVIEW.

The Court of Appeals reviews zoning decisions de novo, but will not grant appellate relief unless a review of the record convinces the Court of Appeals that it would have reached a different result had it sat as the trial court or board of zoning appeals.

REFERENCES

Am Jur 2d, Zoning and Planning §§ 13, 15, 24, 27, 35, 36, 69, 354, 356, 358.

See the Index to Annotations under Residential Area or Neighborhood; Rezoning; Zoning.

2. ZONING — REASONABLENESS — GOVERNMENTAL INTEREST — RE-
QUESTED CHANGE OF CLASSIFICATION.

The correct test for judicial review of requested zoning changes is
that the plaintiff requesting rezoning must show: first, that
there is no reasonable governmental interest being advanced by
the present zoning classification itself, or, second, that an
ordinance may be unreasonable because of the purely arbi-
trary, capricious and unfounded exclusion of other types of
legitimate land use from the area in question.

3. ZONING — ORDINANCES — PRESUMPTION OF VALIDITY.

A zoning ordinance comes to a reviewing court clothed with every
presumption of validity.

4. ZONING — ORDINANCES — BURDEN OF PROOF — REASONABLENESS.

It is the burden of the party attacking a zoning ordinance to
prove affirmatively that the ordinance is an arbitrary and
unreasonable restriction upon the owner's use of his property;
it must appear that the clause attacked is an arbitrary fiat, a
whimsical *ipse dixit,* and that there is no room for a legitimate
difference of opinion concerning its reasonableness.

5. ZONING — ORDINANCES — REASONABLENESS.

An aggrieved property owner, to sustain an attack on a zoning
ordinance, must show that if the ordinance is enforced the
consequent restrictions on his property preclude its use for any
purposes to which it is reasonably adapted.

6. ZONING — BURDEN OF PROOF — CONSTITUTIONAL LAW — ALTER-
NATE GROUNDS.

A plaintiff who challenges a municipal zoning classification on
the alternate constitutional grounds that the classification does
not reasonably further a legitimate governmental interest or
that the zoning classification amounts to a confiscation of
plaintiff's property because it precludes use of the land for any
purposes to which the land is reasonably adapted is entitled to
a judgment if it shows either that the classification does not
reasonably advance a governmental interest or that the classifi-
cation amounts to a confiscation of plaintiff's property; the
plaintiff is not required to succeed on both arguments.

7. ZONING — ORDINANCES — REASONABLENESS.

In determining the reasonableness of a zoning ordinance, each
case must be determined upon it own facts.

8. ZONING — DIMINUTION OF VALUE — CONFISCATION.

Mere diminution of value, while a relevant consideration in

determining the reasonableness of a zoning classification, is not by itself proof of confiscation.

9. ZONING — ORDINANCES — ZONING PLANS.

A zoning ordinance must be in accordance with a comprehensive zoning plan in order to be valid; the plan must be comprehensive and consistent within the districts its establishes, both as adopted and as implemented (MCL 125.581; MSA 5.2931).

*Schlussel, Lifton, Simon, Rands, Galvin & Jackier* (by *Joseph F. Galvin*), for plaintiff.

*Larson, Harms, Wright & Bibeau, P.C.* (by *Paul H. Bibeau*), for defendant.

Before: DANHOF, C.J., and BEASLEY and GRIBBS, JJ.

BEASLEY, J. Plaintiff-appellant, Selective Group, Inc., appeals from a judgment in favor of defendant-appellee, City of Farmington Hills, denying plaintiff an attempted rezoning of a five-acre parcel at the northeast corner of Twelve Mile and Drake Roads from single family residential to local business. We affirm.

On appeal, plaintiff raises two issues, first claiming that the trial court's decision was against the great weight of the evidence and, second, claiming that the trial court failed to specify precisely the facts upon which its conclusions rested.

The within case was filed in July, 1985, tried in August and September, 1987, and decided in October, 1987. These dates are significant because the subject real property is in a rapidly changing, developing area. For purposes of trial and appeal, we must look to the proofs offered at trial and not speculate as to subsequent events.

Appellate review of a zoning decision is de novo, the standard being whether review of the record convinces the court that it would have reached a different result had it sat as a trial court or a

board of zoning appeals.[1] In *Kirk v Tyrone Twp,*[2] the Supreme Court stated that the appropriate standard for determining the constitutional validity of municipal zoning determinations is as follows:

> The principles and tests to use to determine whether the present zoning of plaintiffs' property is valid was detailed in *Kropf* [*v Sterling Heights,* 391 Mich 139; 215 NW2d 179 (1974)].
>
> The important principles require that for an ordinance to be successfully challenged plaintiffs prove:
>
> "[F]irst, that there is no reasonable governmental interest being advanced by the present zoning classification itself . . . or
>
> "[S]econdly, that an ordinance may be unreasonable because of the purely arbitrary, capricious and unfounded exclusion of other types of legitimate land use from the area in question." 391 Mich 139, 158.
>
> The four rules for applying these principles were also outlined in *Kropf.* They are:
>
> 1. " '[T]he ordinance comes to us clothed with every presumption of validity.' " 391 Mich 139, 162, quoting from *Brae Burn, Inc v Bloomfield Hills,* 350 Mich 425; 86 NW2d 166 (1957).
>
> 2. " '[I]t is the burden of the party attacking to prove affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his property . . . . It must appear that the clause attacked is an arbitrary fiat, a whimsical *ipse dixit,* and that there is no room for a legitimate difference of opinion concerning its reasonableness.' " 391 Mich 139, 162, quoting *Brae Burn, Inc.*
>
> 3. "Michigan has adopted the view that to sustain an attack on a zoning ordinance, an aggrieved

---

[1] *Talcott v Midland,* 150 Mich App 143, 146; 387 NW2d 845 (1985), lv den 425 Mich 876 (1986).

[2] 398 Mich 429, 439-440; 247 NW2d 848 (1976).

property owner must show that if the ordinance is enforced the consequent restrictions on his property preclude its use for any purposes to which it is reasonably adapted." 391 Mich 139, 162-163.

4. " 'This Court, however, is inclined to give considerable weight to the findings of the trial judge in equity cases.' " 391 Mich 139, 163, quoting *Christine Building Co v City of Troy,* 367 Mich 508, 518; 116 NW2d 816 (1962).[3]

A plaintiff who attacks a municipal zoning ordinance on the alternate constitutional grounds of reasonableness or confiscation is entitled to relief if he shows either that the classification is unreasonable or that the classification amounts to a confiscation of plaintiff's property. The plaintiff is not required to succeed on both arguments in order to prevail.[4]

On appeal, a zoning ordinance enjoys every presumption of validity. As stated in *Kropf, supra:*

> [I]t is the burden of the party attacking to prove affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his property . . . . It must appear that the clause attacked is an arbitrary fiat, a whimsical *ipse dixit,* and that there is no room for a legitimate difference of opinion concerning its reasonableness.[5]

In the within case, there was substantial testimony and documentary evidence to support the proposition that the RA-1 (single family residential) classification of plaintiff's parcel was in con-

[3] See also *Robinson Twp v Knoll,* 410 Mich 293; 302 NW2d 146 (1981); *Oshtemo Twp v Central Advertising Co,* 125 Mich App 538, 545-546; 336 NW2d 823 (1983), lv den 419 Mich 882 (1984).

[4] *Troy Campus v Troy,* 132 Mich App 441, 449-450; 349 NW2d 177 (1984).

[5] *Kirk, supra,* 391 Mich 162, quoting *Brae Burn, Inc, supra,* 350 Mich 432.

formity with a comprehensive plan both as developed and as implemented by the City of Farmington Hills. Plaintiff's claim that the nonresidential use of adjacent properties of the intersection evidences both the unreasonableness of the current zoning and the reasonableness of plaintiff's proposed commercial enterprise is without merit. The adjacent uses are not "commercial" as defined within the zoning ordinance. Rather, they are "office" uses, which are characteristically less intensive than a commercial use and often are utilized as a buffer between residential districts and commercial districts. This buffer function for light office developments was contemplated by the Farmington Hills zoning ordinance and the Farmington Hills Commercial Areas Plan. Plaintiff's characterization of the entire length of Twelve Mile Road as a "commercial corridor" is unfounded. The proofs seem to indicate that, for at least one mile in either direction, the north side of Twelve Mile Road has been largely zoned and developed residentially, while the south side has been developed for office use.

Each zoning case is determined on its own facts and circumstances.[6] Plaintiff attempts to analogize the facts of the within case to the facts of *Frendo v Southfield Twp*,[7] *White v Southfield Twp*,[8] and *Troy Campus v Troy*,[9] all of which are cited for the proposition that a residential zoning classification is characteristically unreasonable for land adjacent to major thoroughfares and nonresidential uses. While there are some similarities, each of the three cases is readily distinguishable from the

---

[6] *Senefsky v Huntington Woods*, 307 Mich 728, 734; 12 NW2d 387 (1943).

[7] 349 Mich 693; 85 NW2d 130 (1957).

[8] 347 Mich 548; 79 NW2d 863 (1956).

[9] *Supra.*

within case and, consequently, do not control the result here.

*Troy Campus, supra,* involved a residentially zoned lot isolated within a long stretch of land on a major thoroughfare zoned and developed for high- and low-rise offices, for which rezoning to an office classification was sought. Here, plaintiff seeks to rezone to "commercial" within a long stretch zoned and developed "residential" and "office." Further, the office buildings in the present case are much smaller than the thirteen-story high-rise office buildings of *Troy Campus,* high-rise buildings being less conducive to development of adjacent single-family homes.

Plaintiffs in *White, supra,* sought to rezone to commercial a two hundred-foot wide strip of a large residentially zoned lot fronting on Telegraph Road within a rapidly developing residential and commercial area experiencing such heavy traffic conditions that witnesses testified that "when the heavy trucks came by, the shaking and vibration I can feel in the kitchen . . . so I can hear the windows shake."[10] No such testimony was presented in this case.

In *Frendo, supra,* unlike the present case, the plaintiffs sought to defeat a residential classification of a lot fronting on a major thoroughfare where ninety-two percent of the lots fronting on that road were zoned or developed for either industrial or commercial use. The *Frendo* Court noted that the subject lots had not been purchased in the expectation of having the land rezoned. In the within case, plaintiff is not the present landowner, but a party to a preliminary purchase agreement for the subject parcel, expressly contingent upon rezoning. Further, defendant correctly notes that,

[10] *White, supra* at 551.

in *Frendo,* the plaintiff's claim of unreasonableness of the zoning classification was uncontradicted, as the defendant township presented no evidence whatsoever.

The disparity in value between land developed as zoned and developed for other uses is a permissible factor in determinations of reasonableness of a zoning classification. Here, plaintiff claims, through expert testimony, that the subject parcel is worth in excess of $600,000 if developed commercially and is worthless if developed residentially. Plaintiff's assessments are based upon calculations of development profitability to a developer, rather than land value and possible profit to the landowner and, while potential for developers' profits may be relevant to economic feasibility, potential developers' profits are not central to determinations of the reasonableness of a zoning classification where a landowner may profit under that classification.

In this connection, we do not believe that plaintiff has met its burden of proving that the RA-1 zoning classification is unreasonable as applied to this particular parcel.

Plaintiff further claims that the RA-1 zoning of the Selective Group property is confiscatory. To sustain such an attack on a zoning ordinance, an aggrieved property owner must show that if the ordinance is enforced the consequent restrictions on his property preclude its use for any purposes to which it is reasonably adapted.[11] Plaintiff, however, is not required to positively show that the land could not be reasonably adapted to each and every permitted use.[12]

Property zoned RA-1, single family residential,

---

[11] *Kropf, supra* at 162-163.

[12] *Troy Campus, supra* at 451.

may be used as of right only for single family
detached dwellings built on site, agricultural uses
and public uses such as elementary schools, librar-
ies, parks, recreational buildings and municipal
buildings. RA-1 property may also be used for
condominiums and townhouses (cluster option),
golf courses, secondary schools, single family man-
ufactured housing, and several other uses with
planning commission approval upon special condi-
tion.

Plaintiff's evidence here addressed only the pos-
sibility of development for single family detached
dwellings and cluster development. While this is
not a fatal flaw, *Troy Campus, supra,* appears to
be relevant. Plaintiff's calculations are based upon
the purchase of the subject property for $400,000
pursuant to the purchase contract which is condi-
tioned upon obtaining the rezoning which is the
subject of this suit. Were the calculations based
upon the $23,000 originally paid by the current
owners of the property, the calculations of plain-
tiff's experts would show substantial profits for
RA-1 development. Further, plaintiff's determina-
tion of profitability is based upon profit to the
developer, plaintiff, rather than to the landowner.
Although the courts have acknowledged that one
who purchases with knowledge of a zoning restric-
tion may nonetheless be heard to challenge the
restriction's constitutionality,[13] we do not believe
that the numerical manipulation afforded a plain-
tiff through a preliminary sales agreement such as
this was contemplated by the Legislature or the
courts.

We do not look with favor upon the practice of
permitting a plaintiff to possess standing to contest
the validity of a zoning ordinance as applied to

[13] *Kropf, supra* at 152.

real property in which a plaintiff's sole interest is a preliminary sales agreement conditioned upon rezoning. In the within case, however, we need not rest our result upon that proposition because we believe the trial court's decision on the merits should be affirmed. If value gained or lost is to be determined by a prospective sale price, rather than a price actually paid by an owner, confiscation could nearly always be proved by reference to the proposed purchase price, whether it be economically legitimate or artificially inflated.

Expert testimony on defendant's behalf established that the land had a value of $73,000, if developed as zoned—a $50,000 increase over the $23,000 paid originally by the present owners. Defendant relies upon *Robyns v Dearborn*,[14] for the proposition that a zoning ordinance which substantially destroys the value of a parcel of property is void. In *White Lake Twp v Amos*,[15] the Court stated:

> Mere diminution of value is not confiscation. There will always exist a disparity in values between residential and commercial uses.

We believe that the trial court correctly determined that confiscation was not proved by plaintiff. The diminution of value, however, while not reaching the threshold of confiscation, is a factor to be considered when determining whether a zoning classification is reasonable.

Plaintiff further claims that the RA-1 zoning of the property is not in accordance with a plan. We do not agree. A zoning ordinance must be in accordance with a comprehensive zoning plan in

---

[14] 341 Mich 495; 67 NW2d 718 (1954).
[15] 371 Mich 693, 698; 124 NW2d 803 (1963).

order to be valid.[16] The plan must be comprehensive and consistent within the districts it establishes, both as adopted and as implemented.[17] We believe that the exhibits and testimony established the existence and consistent implementation of a comprehensive plan in accordance with MCL 125.581; MSA 5.2931.

Last, plaintiff argues that the trial court failed to specify with sufficient precision the subsidiary facts on which its ultimate conclusion was based. We do not agree. We do not have difficulty in understanding the basis for the trial court's decision.

In closing, we would point out that the trial court's decision was based upon the factual situation that existed in 1987 and before. The real property in question is located in a rapidly changing and constantly developing area. It is possible that future events will support possible reevaluation of this zoning.

Affirmed.

---

[16] MCL 125.581(2); MSA 5.2931(2).

[17] See, e.g., *Schaefer v East Detroit,* 360 Mich 536; 104 NW2d 390 (1960), and *Kremers v Alpine Twp,* 355 Mich 563, 569; 94 NW2d 840 (1959).