CITY OF ROCHESTER v SUPERIOR PLASTICS, INC

Docket No. 122334. Submitted June 18, 1991, at Detroit. Decided December 27, 1991, at 9:00 A.M.

The City of Rochester brought an action in the Oakland Circuit Court against Superior Plastics, Inc., seeking to enjoin the defendant from, or restrict it in, conducting business activities that produce noise in excess of the maximum decibel levels allowed under a Rochester zoning ordinance. The court, Francis X. O'Brien, J., granted summary disposition for the defendant, ruling that the plaintiff had failed to state a claim upon which relief could be granted because the zoning act, MCL 125.581; MSA 5.2931, does not authorize a city or village to regulate noise by setting maximum decibel levels. The court also denied the plaintiff leave to amend the complaint to allege a claim of nuisance. The plaintiff appealed.

The Court of Appeals *held:*

1. Pursuant to MCL 125.581(1); MSA 5.2931(1), the promotion of public health, safety, and welfare is one of the purposes for which the legislative body of a city or village may divide the city or village into zones for land use regulation. Noise is a valid concern in zoning, and excessive noise interferes with public health, safety, and welfare. Thus, a city or village may regulate noise through a zoning ordinance that sets maximum allowable decibel levels.

2. Because there was evidence in support of a nuisance claim and the defendant would not have been prejudiced by amendment of the complaint to allege nuisance, the trial court should have granted the plaintiff leave to amend its complaint.

Reversed and remanded.

ZONING — ORDINANCES — EXCESSIVE NOISE.

A city or village has authority under the zoning act to regulate excessive noise in nonresidential areas adjacent to residential areas through a zoning ordinance that sets maximum allowable decibel levels (MCL 125.581[1]; MSA 5.2931[1]).

REFERENCES

Am Jur 2d, Zoning and Planning §§ 37, 44, 108, 119.

See the Index to Annotations under Noise or Sound.

*Bebout, Potere, Cox & Hughes, P.C.* (by *Arthur R. Cox*), for the plaintiff.

*Nedelman & August* (by *Herbert M. August*), for the defendant.

Before: MARILYN KELLY, P.J., and WAHLS and SHEPHERD, JJ.

MARILYN KELLY, P.J. The City of Rochester filed this lawsuit against Superior Plastics alleging violation of a provision of the city's zoning ordinance regulating noise. On October 11, 1989, the trial court granted Superior's motion to dismiss for failure to state a claim. MCR 2.116(C)(8). The court held that the city lacked the authority under the zoning enabling act to regulate noise by setting maximum decibel levels. MCL 125.581; MSA 5.2931. It also denied the city's motion to amend the complaint to add a nuisance count. The city appeals alleging error in both rulings. We reverse.

A motion to dismiss for failure to state a claim tests the legal sufficiency of the action based on the pleadings alone. All factual allegations supporting it are accepted as true, as well as any reasonable inferences or conclusions which can be drawn from the facts. The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. *Parkhurst Homes, Inc v McLaughlin,* 187 Mich App 357, 360; 466 NW2d 404 (1991).

According to the city's complaint, Superior operates a business in an area of Rochester zoned industrial which is adjacent to a condominium complex located in an area zoned residential. For over a year, the city received numerous complaints from condominium residents about excessive noise

from Superior's business, especially in the late night and early morning. The city commissioned a sound survey to measure the noise levels at the property line dividing Superior and the condominium.

The survey revealed that the decibel and octave band levels at the property line exceeded the maximum sound level permitted by city ordinance. Excessive noise occurred, for example, when the door of Superior's facility was left open, when forklift activity was undertaken outside and when the plant's public address system was in use. The noise control consultants who conducted the survey offered recommendations designed to limit the noise.

Despite repeated requests by the city and the condominium association, Superior refused to implement the recommendations to limit its excessive noise. As a consequence, the city filed this action seeking either to enjoin all defendant's activities that exceed the ordinance's noise level or to restrict those activities to reasonable business hours.

When the trial judge granted the motion to dismiss, he adopted Superior's position. Superior argued that, as the zoning enabling act does not expressly authorize cities to regulate noise, the city is precluded from setting fixed maximum noise levels. We disagree.

Michigan cities have no inherent power in the field of zoning but rather derive their authority to zone from the zoning enabling act. *Detroit Osteopathic Hosp Corp v City of Southfield,* 377 Mich 128, 132; 139 NW2d 728 (1966); *Lutheran High School Ass'n v Farmington Hills,* 146 Mich App 641, 645; 381 NW2d 417 (1985).

Section 1 of the act provides:

> The legislative body of a city or village may regulate and restrict the use of land and structures; *to meet the needs of the state's residents for* food fiber, energy and other natural resources, *places of residence,* recreation, industry, trade, service, and other uses of land; *to insure that uses of the land shall be situated in appropriate locations and relationships;* to limit the inappropriate overcrowding of land and congestion of population and transportation systems and other public facilities; to facilitate adequate and efficient provision of transportation systems, sewage disposal, water, energy, education, recreation, and other public service and facility needs; and *to promote public health, safety, and welfare,* and for those purposes may divide a city or village into districts of the number, shape and area considered best suited to carry out this section. For each of those districts regulations may be imposed designating the uses for which buildings or structures shall or shall not be erected or altered, and designating the trades, industries and other land uses or activities that shall be permitted or excluded or subjected to special regulations. [Emphasis added. MCL 125.581(1); MSA 5.2931(1).]

Michigan courts have consistently recognized that noise is a valid concern in zoning and that excessive noise interferes with citizens' health, safety and welfare. For example, in *West Bloomfield Twp v Chapman,*[1] the township sued to restrain the defendant from operating a machine shop in an area zoned residential. Several of the defendant's neighbors complained about the noise from the shop. One witness testified, "I can hear it in the house and as soon as I get out of my car" and it "detracts from my peace of mind." *Id.,* 614. Relying on the neighbors' testimony about the loud noise, our Supreme Court held that the resi-

---

[1] 351 Mich 606, 614; 88 NW2d 377 (1958).

dential zoning classification advanced the public welfare:

> It would appear that no proof or unusual logic is needed to know that if people are, within reason, rendered unhappy or physically uncomfortable by a situation which they did not invite and which they tried to guard against, the same would affect public health, general well-being and/or the public welfare. [*Id.*, 614-615.]

Moreover, this Court has specifically held that the zoning enabling act clearly provides the authority for zoning ordinances which seek to reduce traffic, congestion and noise. *Lutheran High School Ass'n, supra,* 645.

This is the first published case in Michigan to address a zoning ordinance that regulates excessive noise by setting maximum decibel levels for land adjacent to residential areas. Assuming that the ordinance is not unreasonable, confiscatory or otherwise unconstitutional, we see no reason why a city should be precluded from regulating noise in this way. If the enabling act authorizes cities to consider noise when creating zones, they should be able to specifically set a reasonable maximum level of noise permitted in a zone. Under either method, the municipality engages in regulating the use of land to advance the welfare of its residents. MCL 125.581; MSA 5.2931; *Chapman, supra; Lutheran High School Ass'n, supra.*

Superior contends that, by making certain noise levels unlawful per se, the city divests the trial court of its traditional role of determining whether the noise at issue is unreasonable. We reject the argument; Superior is free to challenge the reasonableness of the maximum sound level restrictions, as applied to the facts at hand, by pursuing a constitutional challenge to the ordinance. See, e.g.

*Kropf v Sterling Heights,* 391 Mich 139; 215 NW2d 179 (1974); *Selective Group, Inc v Farmington Hills,* 180 Mich App 595, 598-599; 447 NW2d 817 (1989).

The constitutionality of the ordinance was not raised on appeal or by the trial court. Further, there was no testimony below as to the reasonableness of the ordinance as applied to the circumstances surrounding this case.

The only other issue on appeal is whether the trial judge erred by denying the city's motion to amend its complaint to add a count sounding in nuisance. The court rules provide that, when a motion for failure to state a claim is made, the court must give the parties an opportunity to amend their pleadings unless unjustified. MCR 2.116(I)(5). Leave to amend "shall be freely given when justice so requires." MCR 2.118(A)(2). In the instant case, there was evidence to support a nuisance count, and Superior would not have been prejudiced by the amendment. The trial court should have granted the city's motion to amend, rather than force it to file a separate lawsuit. *Terhaar v Hoekwater,* 182 Mich App 747, 750-752; 452 NW2d 905 (1990).

The trial court order dismissing the action for failure to state a claim is reversed. On remand, the city may amend its complaint to claim nuisance.