Cavanagh, J.
(concurring). I agree with the lead opinion’s conclusion that an evaluation of MCL *299 380.1263(3)[1] indicates a legislative intent to subject local school districts to the authority of the state superintendent, thereby immunizing districts from township zoning ordinances. However, I must concur in the result only.
Above all, I am troubled by the lead opinion’s suggestion that the state superintendent’s power to review a local school district’s site plan is limited to “what goes on within the site itself.” Ante at 293. In drafting MCL 380.1263(3), the Legislature indicated no such restriction on the superintendent’s authority. As the lead opinion clearly states, the statute provides the state superintendent with “sole and exclusive jurisdiction” over “site plans.” MCL 380.1263(3).
This interpretation accords with the events leading up to the statute’s revision. In response to several Court of Appeals cases mandating local school district compliance with township ordinances,[2] the Legislature amended subsection 1263(3) and extended state oversight authority to include “site plans for those school buildings.” 1990 PA 159. Interpreting the 1990 amendment in a manner that gives a distinct meaning to “site plans” requires an acknowledgment that “site plans” contain data other than that strictly *300 necessary for “the construction of . . . school buildings . . .
Further, although the term “site plans” is not defined in the revised school code, the Legislature’s practice of employing the term in zoning statutes suggests its utility as a tool to measure compliance with land-use regulations.[3] Hence, it is reasonable to assume that the superintendent’s exclusive jurisdiction over site plans would include the authority to review and approve land-use controls for the promotion of community health, safety, and welfare. See, e.g., MCL 125.271(1) (“the township board of an organized township in this state may provide by zoning ordinance ... to promote public health, safety, and welfare.”). Therefore, while we require no “talismanic words,” the legislative grant of “sole and exclusive jurisdiction” unambiguously indicates a legislative intent to vest comprehensive and undivided control over both school construction plans and site plans in the state superintendent, which includes land-use oversight authority. From this broad grant of *301 power, there is no reason to presume the state superintendent’s review power over local school districts is necessarily limited to activities contained within the site itself.
In this case, for example, plaintiff requested a “traffic impact study to evaluate peak hour movement.” Certainly, the relevant traffic patterns with which the township was concerned included activities not contained exclusively within the site itself. Although accommodations for such concerns would normally be (and were) included within the site plan, § 1263(3) indicates no particular land-based limit to the state superintendent’s oversight authority, as the lead opinion suggests. Rather, the state superintendent has “sole and exclusive jurisdiction” over “site plans,” which reasonably includes the authority to review land-use controls designed for zoning purposes. MCL 380.1263(3). Given this textual indicator of legislative intent, it would be inappropriate to suggest that, even in some limited fashion, local school districts should be subject to township zoning authorities.
Further, the lead opinion comments upon the “standards” to which the office of the state superintendent must submit itself and the adequacy with which state agents are able to enforce those standards in part m, ante at 294-295, but continues by refusing to reach the merits of plaintiff’s delegation-of-power claim in part iv. Because of the lead opinion’s position regarding plaintiff’s failure to join the superintendent as a party and its refusal to rule on the adequacy of the standards delegated by the Legislature, I would, had I chosen to join the lead opinion’s position, refrain from all unnecessary commentary in part m.
*302 In sum, while I agree that Dearden v Detroit, 403 Mich 257; 269 NW2d 139 (1978), requires the rejection of plaintiffs’ claim in light of the “sole and exclusive authority” granted to the state superintendent in MCL 380.1263(3), I respectfully concur in the result only for the reasons noted above.
Belly, J., concurred with Cavanagh, J.

 Portions of the school construction code, MCL 388.851 et seq., have been revised by 2002 PA 628. Without amending the grant in MCL 380.1263(3) of “sole and exclusive jurisdiction over . . . site plans” to the superintendent of public instruction, the act transfers the authority to enforce construction codes from one state entity, the superintendent, to the Department of Consumer and Industry Services. Because this case arose before 2002 PA 628 was enacted, we need not decide whether the revisions alter the scope of the superintendent’s authority.

 Lutheran High School Ass’n v Farmington Hills, 146 Mich App 641; 381 NW2d 417 (1985) (subjecting private school to local zoning ordinances); Cody Park Ass’n v Royal Oak School Hist, 116 Mich App 103; 321 NW2d 855 (1982) (holding that the power of a school district to acquire property did not exempt it from local zoning ordinances).

 MCL 125.286e(l) provides:
As used in this section, “site plan” includes the documents and drawings required by the zoning ordinance to insure that a proposed land use or activity is in compliance with local ordinances and state and federal statutes.
See also MCL 125.326.
Unlike the lead opinion, I disagree that the American Heritage Dictionary should be used to define “site plan.” As noted above, the phrase is a term of art in the fields of, inter alia, zoning, construction, and planning, i.e., a “site plan” refers to the specifications required for the task assigned. See MCL 8.3a (“technical words and phrases . . . shall be construed and understood according to such peculiar and appropriate meaning”). See also Production Credit Ass’n of Lansing v Dep’t of Treasury, 404 Mich 301, 312; 273 NW2d 10 (1978) (“terms of art” should be interpreted “in accordance with the experience and understanding of those who would be expected to use and interpret the act”).