DAVIS *v.* IMLAY TOWNSHIP BOARD.

1. TOWNSHIPS—VALIDITY OF ZONING ORDINANCES—MANDATORY STATUTES.
   A township has no authority to enact a zoning ordinance except as such authority is granted by statute, and in enacting zoning ordinances, the mandatory provisions of the statute giving the authority to do so must be complied with (CL 1948, § 125.271 *et seq.*, as amended).

2. SAME—VALIDITY OF ZONING ORDINANCES—MANDATORY STATUTES.
   Statute providing that the township board shall submit proposed zoning ordinances, including any zoning maps, to the county zoning commission of the county in which situated for approval, and in the event that there is no such commission, then to the coordinating zoning committee of the county *held*, mandatory, except where no such county zoning commission or county coordinating zoning committee is in existence (CLS 1961, § 125.280).

3. STATUTES—CONSTRUCTION OF STATUTES.
   It is a rule of statutory construction that it will not be presumed that the legislature intended to do a useless thing, and if possible, every part of a statute must be given effect.

4. TOWNSHIPS — ZONING — STATUTES — CONSTITUTIONALITY OF STATUTES — SEPARATION OF POWERS.
   Claim by defendants that statute requiring township zoning boards to submit proposed zoning ordinances, including any zoning maps, to the county zoning commission of the county in which situated for approval, and in the event there is no such commission, then to the coordinating zoning committee of the county, amounts to an unconstitutional delegation of legislative authority *held*, without merit, since the function of the

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Zoning §§ 7, 8.
[2, 5, 6] 58 Am Jur, Zoning §§ 6, 9, 138, 176.
[3] 50 Am Jur, Statutes §§ 357, 358.
[4] 52 Am Jur, Towns and Townships § 9.
[7] 5 Am Jur 2d, Appeal and Error § 1009,

county zoning commission or county coordinating zoning committee is advisory only (CLS 1961, § 125.280).

5. SAME—ZONING ORDINANCES—MANDATORY STATUTES.

Decision of trial court that defendants' zoning ordinance was valid and binding against plaintiff who, after enactment thereof, had constructed a home in violation of the setback and square footage requirements thereof *held*, error, where defendants had failed to comply with mandatory provisions of the enabling act requiring that proposed township zoning ordinances be submitted to the county zoning commission for approval, or if there be no such commission, then to the county coordinating zoning committee, since said statutory requirements are mandatory and no township zoning ordinance may be validly enacted without compliance therewith unless neither the county zoning commission nor the county coordinating zoning committee is in existence (CL 1948, § 125.271 *et seq.*, as amended).

6. SAME—VALIDITY OF ZONING ORDINANCES—MANDATORY STATUTES.

Claim by defendants township board and township zoning board that failure to submit a proposed township zoning ordinance to the county zoning commission or the county coordinating zoning committee, as required by statute, did not prevent enforcement of said ordinance against plaintiff who constructed a home in violation of the requirements thereof, where said ordinance was properly so submitted during the pendency of plaintiff's action seeking to have the ordinance declared invalid *held*, without merit, where a county coordinating zoning committee was in existence at the time of the adoption of the ordinance, since the provisions of the statute requiring such submission are mandatory to the valid adoption of an ordinance, and must be complied with unless neither a county zoning commission nor a county coordinating zoning committee is in existence (CL 1948, § 125.271 *et seq.*, as amended).

7. COSTS—PUBLIC QUESTIONS—APPEAL AND ERROR.

No costs are allowed on appeal in action to declare a township zoning ordinance invalid, a public question being involved (CL 1948, § 125.271 *et seq.*, as amended).

Appeal from Lapeer; Churchill (James P.), J. Submitted Division 2 March 3, 1967, at Lansing. (Docket No. 1,778.) Decided June 27, 1967. Leave to appeal denied September 21, 1967. See 379 Mich 780.

Complaint by Wanettia Davis against the Imlay Township Board and Imlay Township Zoning Board, requesting a determination that the Imlay township zoning ordinance be declared invalid for noncompliance with statutory requirements in its adoption and for an order restraining defendants from enforcing or attempting to enforce its provisions against plaintiff. Judgment for defendant. Plaintiff appeals. Reversed.

*Jack F. Smith,* for plaintiff.

*James D. Morrice,* for defendant Imlay Township Board.

*Richard J. Bahls,* for defendant Imlay Township Zoning Board.

Quinn, J. By this action, plaintiff sought to have declared invalid the Imlay township zoning ordinance for noncompliance with statutory requirements in its adoption and to restrain defendants from enforcing or attempting to enforce the provisions of such ordinance. Defendants answered denying invalidity; the essential facts were stipulated, and on the basis of such facts, the briefs and oral arguments of counsel, the trial judge ruled in favor of defendants.

Plaintiff's appeal raises the following question:

"Is a township zoning ordinance, enacted by a township board, pursuant to the enabling statute, invalid by reason of the failure of the township zoning board to submit the proposed ordinance to the county coordinating committee for approval prior to its adoption by the township board?"

Defendant zoning board raises an additional question as follows:

. "Are the provisions of section 10 of the enabling statute an unconstitutional delegation of legislative power to an administrative agency in violation of article 4 of the Michigan Constitution of 1908 and of article 3, § 2, of the Michigan Constitution of 1963 in that these statutory provisions do not provide standards or guidelines for the decisions of the coordinating zoning committee?"

Following adoption of the ordinance in question, plaintiff erected on her property within the zoning district a dwelling which did not comply with the zoning ordinance requirements in respect to floor area and setback provisions. Prior to filing suit, plaintiff was advised of the nonconformance, that she would not be permitted to occupy the structure as a dwelling and that further improvement work thereon would result in prosecution for ordinance violation.

The ordinance was enacted under the township rural zoning act, PA 1943, No 184, as amended, being CL 1948, § 125.271 *et seq.* (Stat Ann 1958 Rev § 5.2963[1] *et seq.*). Pertinent to decision is section 10 of Act No 184, as amended by PA 1961, No 225, being CLS 1961, § 125.280 (Stat Ann 1965 Cum Supp § 5.2963[10]), which provides as follows:

"Sec. 10. Following such hearing, the township zoning board shall submit the proposed zoning ordinance including any zoning maps to the county zoning commission of the county in which such township is situated for approval in the event such commission shall have been appointed, as provided by Act No 183 of the Public Acts of 1943 as amended, being sections 125.201 to 125.232 of the Compiled Laws of 1948, and is functioning in the county, and in the event there is no such commission, then to the coordinating zoning committee of the county. The coordinating zoning committee shall be composed of 3 members and shall be appointed by the county

board of supervisors for the purpose of coordinating the zoning ordinances proposed for adoption under the provisions of this act with the zoning ordinances of any township, city or incorporated village having a common boundary with the township. The approval of such zoning commission or coordinating zoning committee shall be conclusively presumed unless such commission or committee shall, within 30 days of its receipt, have notified the township clerk of its disapproval."

Almont township joins Imlay township on the south and the former had a township zoning ordinance in effect before the ordinance before us was adopted. Although Lapeer county had no county zoning commission, it had a coordinating zoning committee; the defendant zoning board did not submit to it the proposed ordinance and zoning maps as required by section 10, *supra*. However, the defendant zoning board did advise the county coordinating zoning committee of the existence of the proposed ordinance prior to its adoption, and after this suit was commenced, defendant zoning board did submit the enacted ordinance to the coordinating zoning committee. Prior to decision below, the committee had issued no notice of approval or disapproval and more than 30 days had elapsed since the ordinance was submitted to the committee.

. ·On the basis of *Ritenour* v. *Township of Dearborn* (1949), 326 Mich 242, the trial court held the requirement of section 10, *supra,* that the ordinance shall be submitted to the county zoning commission or to the coordinating zoning committee was not mandatory and the ordinance was not invalid. We believe the trial court erred in this holding for several reasons. Although *Ritenour* is factually very similar to this case, it differs in a very significant respect, namely: there was no county zoning commission or coordinating zoning committee in existence at the

time the Dearborn township ordinance was adopted, nor was there such a commission or committee until 3 years thereafter. The court held failure to submit to a nonexistent body did not invalidate the ordinance. This disposed of the issue and later discussion, to the effect that the defect was cured by submission to the later created commission, is dicta which we decline to follow.

Second, defendant township has no authority to enact such an ordinance except as it is granted such authority by Act 184, *supra,* and in enacting the ordinance, the mandatory provisions of the act must be complied with. *Krajenke Buick Sales* v. *Hamtramck City Engineer* (1948), 322 Mich 250; 1 Yokley, Zoning Law and Practice (2d ed), § 70; 1 Rathkopf, Zoning and Planning (3d ed), chap 3, p 5. The language of section 10, *supra,* makes it a mandatory provision, and to hold otherwise would violate the rule of statutory construction that it will not be presumed that the legislature intended to do a useless thing and if possible every part of a statute must be given effect. *Klopfenstein* v. *Rohlfing* (1959), 356 Mich 197.

We believe the trial court was correct in holding the function of the county zoning commission or county coordinating zoning committee to be advisory only and that section 10, *supra,* involves no unconstitutional delegation of legislative authority. *Temple* v. *Portage Township* (1962), 365 Mich 474, supports this view.

Since *Ritenour, supra,* is not authority for the proposition that submission of an adopted ordinance to a county zoning commission or to a coordinating zoning committee will cure the defect of not so submitting it prior to adoption, we are bound by the language of the statute which requires such submission prior to adoption.

Reversed and remanded for entry of judgment as prayed for by plaintiff, but without costs, a public question being involved.

T. G. KAVANAGH, P. J., and McGREGOR, J., concurred.