## LAKE TOWNSHIP v. SYTSMA

1. ZONING—ENABLING ACTS—TOWNSHIPS—POWERS.

> Townships may exercise only such zoning power as is extended to them through zoning enabling acts (MCLA § 125.271).

2. ZONING — TOWNSHIPS — ORDINANCES — AMENDMENTS — STATUTORY REQUIREMENTS.

> An amended zoning ordinance requires the same notice, hearings, and submission to electors as did the original ordinance unless protection of the public health, safety, morals and general welfare is involved (MCLA §§ 125.284, 125.285).

3. STATUTES — INTERPRETATION — CONSTRUCTION — INTENT — EXPLICITNESS.

> A judicial interpretation of a statute by using the rules of statutory construction is unnecessary where the meaning and intent of the legislature is made clear, explicit and unambiguous.

4. ZONING — ORDINANCES — AMENDMENTS — INTERIM — STATUTORY REQUIREMENTS.

> Attempt by plaintiff township to pass an amended ordinance prohibiting trailer or mobile home parks, without giving notice or holding public meetings, violated the zoning enabling act and even if the amended ordinance could be called an interim ordinance, it did not comply with statutory requirements permitting a stopgap ordinance in specified emergencies and when preparations are being made to study and enact a full and complete zoning ordinance (MCLA §§ 125.284, 125.285).

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  58 Am Jur, Zoning § 7.
[2]  58 Am Jur, Zoning §§ 176, 177.
[3]  50 Am Jur, Statutes § 223.
[4]  58 Am Jur, Zoning §§ 34, 137.

Appeal from Lake, Charles A. Wickens, J. Submitted Division 3 January 8, 1970, at Grand Rapids. (Docket No. 7,175.) Decided January 28, 1970. Rehearing denied March 19, 1970.

Complaint by Lake Township, by Domenick Tagliareni, Jr., zoning administrator, against Samuel Sytsma and Marjorie Sytsma to enjoin the use of their property as a trailer park. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Donley & Walz,* for plaintiff.

*Lew A. Kidder,* for defendants.

Before: V. J. BRENNAN, P. J., and R. B. BURNS and T. M. BURNS, JJ.

PER CURIAM. In 1963, plaintiff township adopted a comprehensive zoning ordinance under which licensed trailer parks were allowed as a conforming use. In 1967, defendants purchased land on a lake and spent over $2,000 for surveying, park plans, roads, wells, etc. On November 14, 1967, the township board met to consider the advantages and disadvantages of an increasing population of trailers and mobile homes, and the parks composed of the same. It was reported to the township board that the township was being excessively populated with trailer parks, and an interim zoning ordinance was proposed. On November 24, 1967, an interim zoning ordinance was passed, prohibiting the building of trailer parks or mobile home parks. These township proceedings were all the result of a series of special meetings, with no notice thereof to the defendant landowner and park builder. Plaintiff filed a motion for a preliminary injunction for viola-

tion of the interim zoning ordinance. Defendants moved for a summary judgment as a matter of law, for the reason that the township had failed to follow the proper statutory procedure in passing the new ordinance and, therefore, the new ordinance was invalid. In a written opinion, the trial court granted the motion for summary judgment. Plaintiff appeals.

The issue is: When a comprehensive zoning ordinance has been passed and is in effect, may the interim ordinance procedure be used in order to render a use that is conforming under the existing ordinance into a nonconforming use under the subsequent ordinance?

Townships have no police power of their own; they may exercise such power only by virtue of a grant by the state, and in cases of zoning, power is extended through zoning enabling acts. *Fredal* v. *Forster* (1967), 9 Mich App 215.

MCLA, § 125.271 (Stat Ann 1969 Rev § 5.2963 [1]) is the basic enabling act. A section of this basic act, commonly referred to as section 14, MCLA, § 125.284 (Stat Ann 1969 Rev § 5.2963[14]) provides:

"Amendments or supplements to the zoning ordinance may be made from time to time in the same manner provided in this act for the enactment of the original ordinance."

Enactment of an original ordinance (sections 7 to 12) requires notice, hearings, and submission to the electors.

The Michigan legislature has made a single exception to this basic rule, referred to as section 15, MCLA § 125.285 (Stat Ann 1969 Rev § 5.2963[15]), which provides:

"To protect the public health, safety, morals and general welfare * * * *during the period required for the preparation and enactment of an ordinance authorized by this act as provided by sections 7 to 12* * * *.*" (Emphasis supplied.)

The intent and the rules established by the state legislature, as expressed in these statutes, is unquestionably plain and unambiguous. Section 14 applies to all amendments or supplements to an existing zoning ordinance. The exception, section 15, can only be applied before and during the preparation of a permanent zoning ordinance. (See OAG, 1961–1962, No. 3547, p 5 [Jan. 9, 1961].)

A judicial interpretation of a statute by using the rules of statutory construction is unnecessary where the meaning and intent of the legislature is made clear, explicit and unambiguous. (21 Michigan Law and Practice, Statutes, § 81, p 79).

Additionally, the township's zoning ordinance, Article 9, "Amendments" provided for notice and public hearings.

According to the published legal notices, entitled "Lake Township Interim Zoning Plan Amendment," the only recommended change in the original ordinance is found in Article 5, which states:

" 'Prohibited Uses' shall now read as follows:

\*     \*     \*

"(G) Trailer (including trailer camper) parks or mobile home parks."

Plaintiff's attempt to pass such an ordinance was in violation of the laws enacted by the state of Michigan which control zoning amendments and interim ordinances. If it is an amendment, and it is referred to as such, it fails for noncompliance with section 14 of the zoning act, which requires notice and public hearings. (See *Bingham* v. *City of Flint* (1968),

14 Mich App 377; *Boron Oil Company* v. *City of Southfield* (1969), 18 Mich App 135.) If it can be called an interim ordinance, it again fails because it does not conform with the statutory requirements of section 15, which provides for a stopgap ordinance *only* when preparations are being made to study and enact a full and complete zoning ordinance. (See OAG, *supra*.)

The summary judgment granted to the defendants in the trial court was proper.

Plaintiff's other issues do not change this decision and are therefore without merit.

Affirmed. No costs, a public question being involved.