THE DETROIT EDISON COMPANY v TOWNSHIP OF RICHMOND

Docket No. 81561. Submitted October 15, 1985, at Detroit.—Decided
    March 18, 1986.
        On December 2, 1982, the Richmond Township Board of Trustees
        approved a zoning ordinance which amended existing ordi-
        nances. The new ordinance required a public utility to receive a
        special use permit to construct extra-high-voltage energy trans-
        mission lines. The ordinance contained provisions to regulate
        (1) the minimum width of any extra-high-voltage transmission
        line corridor, (2) the minimum distance of the line from dwell-
        ings, and (3) the maximum noise levels for the line. In April,
        1983, plaintiff, The Detroit Edison Company, instituted an
        action in the Macomb Circuit Court seeking to have those three
        provisions of the township zoning ordinance declared invalid.
        Named as defendants were the Township of Richmond, the
        Richmond Township Planning Commission, and the Richmond
        Township Board of Trustees. Plaintiff moved for and was
        granted a summary judgment. The trial court, John G. Ros-
        kopp, J., entered the summary judgment and order declaring
        the challenged provisions of the ordinance to be invalid. Defen-
        dants appeal. *Held:*

        1. The Court of Appeals disagreed with defendants' conten-
        tion that summary judgment was improperly granted because
        further factual development should have been allowed. All
        material facts were before the court. There was no need for any
        further factual development.

        2. MCL 460.6 vests the Michigan Public Service Commission
        with complete power and jurisdiction to regulate public utilities
        in the state, including power and jurisdiction to regulate mat-
        ters pertaining to the operation of public utilities. The trans-
        mission of electricity through highways act, MCL 460.551 *et
        seq.*, does grant specific powers to the MPSC to regulate the

REFERENCES

Am Jur 2d, Public Utilities §§ 230 *et seq.*
Am Jur 2d, Summary Judgment §§ 26 *et seq.*
Am Jur 2d, Zoning and Planning §§ 7, 150, 153.
See the annotations in the ALR3d/4th Quick Index under Public
    Utilities; Zoning.

transmission of electricity in, on, or through the public highways, streets and places. The MPSC has been given authority to regulate transmission in such places even though a township retains the right reasonably to refuse consent to the initial construction or erection of power lines. This express grant of power to the MPSC to control the transmission of electricity precludes a township from passing ordinances regarding the same subject matter. Moreover, the limitation on the commission's power to regulate the transmission of electricity to that which occurs in, on, or through public highways, streets and places indicates a legislative intent that there should be no regulation of the lines on private property. If the MPSC is not allowed to regulate the safety of transmission lines on private property, the Court of Appeals does not believe that the Legislature would have intended that individual townships be allowed to do so.

3. The provisions of the Township Rural Zoning Act, MCL 125.271 *et seq.,* do not empower a township to make safety regulations regarding electric transmission lines.

4. The challenged provisions of the township ordinance are invalid.

Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENT — ISSUE OF MATERIAL FACT.

A motion for summary judgment based on the lack of a genuine issue as to any material fact is designed to test the factual support for a claim or defense; summary judgment is properly granted only if there is no genuine issue as to any material fact and the party in whose favor judgment is granted is entitled to judgment as a matter of law (GCR 1963, 117.2[3]).

2. JUDGMENTS — SUMMARY JUDGMENT — ISSUE OF MATERIAL FACT.

A court considering a motion for summary judgment based on the lack of a genuine issue as to any material fact must, before granting the motion, review the pleadings, affidavits, and other available evidence and, giving the benefit of any reasonable doubt to the opposing party and drawing any inferences in favor of the opposing party, must be satisfied that it is impossible for the claim to be supported at trial because of some deficiency which cannot be overcome (GCR 1963, 117.2[3]).

3. MUNICIPAL CORPORATIONS — ORDINANCES — PREEMPTION — CONSTITUTIONAL LAW.

Cities and villages have the power to adopt resolutions and ordinances relating to municipal concerns, property and government, subject only to the constitution and law; because the

adoption of an ordinance by a municipality is subject to the constitution and law, such broad power to adopt ordinances relating to municipal concerns may be preempted if a state statutory scheme occupies the field of regulation which the municipality seeks to enter (Const 1963, art 7, § 22).

4. MUNICIPAL CORPORATIONS — TOWNSHIPS — CONSTITUTIONAL LAW.

Townships have no police power of their own, but have only those powers and immunities which are provided by law; their ability to pass laws comes directly from the legislative enactments (Const 1963, art 7, § 17).

5. ZONING — TOWNSHIP RURAL ZONING ACT — TOWNSHIPS — CITIES.

The Township Rural Zoning Act grants townships the power to pass ordinances concerning zoning; likewise, the Legislature has passed a municipal zoning enabling act; the zoning enabling acts give cities and townships broad authority to pass ordinances concerning zoning (MCL 125.271 *et seq.;* MSA 5.2963[1] *et seq.).*

6. ZONING — TOWNSHIPS — PREEMPTION.

Preemption principles indicate that a township should be precluded from enacting a zoning ordinance if there is a direct conflict with a state statutory scheme or if the state statutory scheme occupies the field of regulation which the township seeks to enter.

7. PUBLIC UTILITIES — PUBLIC SERVICE COMMISSION.

The Michigan Public Service Commission is vested with complete power and jurisdiction to regulate public utilities in the state, including power and jurisdiction to regulate matters pertaining to the operation of public utilities (MCL 460.6; MSA 22.13[6]).

8. PUBLIC UTILITIES — PUBLIC SERVICE COMMISSION — TOWNSHIPS — POWER LINES — CONSTITUTIONAL LAW.

The Michigan Public Service Commission has been given the authority to regulate the transmission of electricity in, on, or through the public highways, streets and places even though a township retains the right reasonably to refuse consent to the initial construction or erection of power lines; such express grant of power to the MPSC precludes a township from passing ordinances regarding the same subject matter; the limitation on the commission's power to regulate the transmission of electricity indicates a legislative intent that there should be no regulation of the lines on private property by either the commission or individual townships (Const 1963, art 7, § 29; MCL 247.183, 247.185, 460.551 *et seq.;* MSA 9.263, 9.265, 22.151 *et seq.).*

9. PUBLIC UTILITIES — TOWNSHIP RURAL ZONING ACT — POWER LINES.
   The provisions of the Township Rural Zoning Act do not empower
   a township to make safety regulations regarding electric trans-
   mission lines pursuant to its zoning laws (MCL 125.271 *et seq.;*
   MSA 5.2963[1] *et seq.).*

10. PUBLIC UTILITIES — PUBLIC SERVICE COMMISSION — POWER LINES
    — TOWNSHIPS.
    The Michigan Public Service Commission's interest in electric
    transmission lines is in the nature of the construction as it
    relates to the safety of the proposed line, the capacity of the
    line, the need for the line, and its total relation to the mainte-
    nance of electrical service to the people; a township's narrow
    area of concern is for the development of the community
    through which the line passes.

*Solomon Bienenfeld* and *Thomas P. Beagen,* for
plaintiff.

*Ross, Einheuser & Braun* (by *Michael Einheu-
ser),* for defendants.

Before: BRONSON, P.J., and T. M. BURNS and
C. W. SIMON,* JJ.

PER CURIAM. Plaintiff is a public utility which
provides electrical services in southeastern Michi-
gan. In providing these services, it operates power
generating plants, regulating stations and substa-
tions, as well as a network of transmission and
distribution lines. Defendant township is located in
northern Macomb County and is primarily rural
and agricultural. In 1972, plaintiff began planning
the Belle River Power Plant in St. Clair County.
The proposed plant would consist of two 675-mega-
watt units. Plaintiff believed that the existing
transmission system would be subject to unaccept-
ably high power flows under certain conditions
and, therefore, plaintiff began to plan and design
the Saratoga-Jewell Transmission Line. The line

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

was designed to be an extra-high-voltage line which would be energized at 345,000 volts of electricity. It would bisect defendant township in an L-shaped pattern.

In 1979, citizens of the township became aware of plaintiff's plans to construct the transmission line. The first notice came when individual property owners were contacted by plaintiff regarding potential acquisition of property along the projected right-of-way. Some time later, plaintiff's representatives approached the township government officials to explain the plans for the transmission line.

On December 2, 1982, the township board of trustees approved a zoning ordinance which amended existing ordinances. The new ordinance required a public utility to receive a special use permit to construct extra-high-voltage energy transmission lines. The ordinance contained several detailed requirements which must be met in order to obtain a permit. Three provisions of the ordinance are the basis of the present dispute. The provisions regulate (1) the minimum width of any extra-high-voltage transmission line corridor, (2) the minimum distance of the line from dwellings, and (3) the maximum noise levels for the line.

On or about April 23, 1983, plaintiff instituted the present suit in Macomb County Circuit Court seeking a declaratory judgment to have those three specific provisions of the township zoning ordinance declared invalid. Plaintiff eventually moved for summary judgment pursuant to GCR 1963, 117.2(3) on the ground that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. One of plaintiff's contentions was that the township had exceeded the scope of its authority in passing the zoning ordinance. On October 5,

1984, the circuit court issued an opinion granting plaintiff's motion for summary judgment. On November 5, 1984, the court entered an order in accordance with that opinion declaring the provisions of the ordinance to be invalid. Defendants now appeal as of right from the grant of summary judgment. We affirm.

## I

The trial court granted summary judgment pursuant to GCR 1963, 117.2(3). Summary judgment pursuant to that subsection is properly granted only if there is no genuine issue as to any material fact and the party in whose favor judgment is granted is entitled to judgment as a matter of law. A motion based on GCR 1963, 117.2(3) is designed to test the factual support for a claim or defense. *Maccabees Mututal Life Ins Co v Dep't of Treasury,* 122 Mich App 660, 663; 332 NW2d 561 (1983), *lv den* 417 Mich 1100.15 (1983). The court must consider the pleadings, affidavits, and other available evidence and be satisfied that the claim or position asserted cannot be supported by evidence at trial because of some deficiency which cannot be overcome. *Id.* The court must give the benefit of any reasonable doubt to the party opposing the motion and inferences are to be drawn in favor of that party. *Id.*

Defendants contend that summary judgment was improperly granted in this case because further factual development should have been allowed. We disagree. All material facts were before the court. The sole question before the court was whether the provisions of the ordinance were invalid because they conflicted with state statutes or the state regulatory scheme. The validity of the ordinance provisons can be determined simply by

looking at those provisons and the statutes of this state. There was no need for any further factual development.

## II

Both plaintiff and defendants focus their arguments on whether the provisons of the ordinance in question are "preempted" by state law. The parties point to the guidelines to be looked at in making a determination whether a statute has or has not preempted a field or regulation as laid out in *People v Llewellyn,* 401 Mich 314, 322-324; 257 NW2d 902 (1977), *cert den* 435 US 1008; 98 S Ct 1879; 56 L Ed 2d 390 (1978). The parties also point to *Detroit Edison Co v Wixom,* 382 Mich 673; 172 NW2d 382 (1960), because of its factual similarity to this case.

In *Wixom,* the Supreme Court noted that a transmission power line height regulation of a municipal zoning ordinance was actually a regulation attempting to control the route or location of the power line. The Supreme Court noted that this Court's decision in that case, *Detroit Edison Co v Wixom,* 10 Mich App 218; 159 NW2d 230 (1968), had correctly concluded that a city was not precluded from passing reasonable zoning regulations applying to electric utilities. However, the Supreme Court then held in favor of the power company by stating that the company held a vested right to locate the power lines on the existing right-of-way because it was a prior nonconforming use of the land We believe that *Wixom* should be limited to its facts. The zoning regulations therein attempted to control location and route. While the Supreme Court stated that this Court had "correctly analyzed the preemption argument", this Court had dealt with the ordinance

as if it were solely a height regulation without realizing that its purpose was to control location and route. We believe that the ultimate holding of the Supreme Court under the facts of the *Wixom* case is that a city's reasonable zoning regulations relating to the location and route of electric power lines are not precluded by statutes granting authority to the Michigan Public Service Commission to control other aspects of electrical transmission lines.

The facts of this case are much different. Herein we are faced with a township ordinance which is claimed to be a zoning ordinance regulating land use. However, the township has actually attempted to regulate the safety aspects of the electrical transmission lines of a public utility.

### III

The question of the validity of the provisions of the ordinance in this case cannot be classified simply as a "preemption" question. In general, the preemption concept works as a limitation on the exercise of inherent police powers by a governmental body when the purported regulations relate to subject matter on which superior governmental authority exists. Cities and villages have the power to adopt resolutions and ordinances relating to municipal concerns, property and government, subject only to the constitution and law. Const 1963, art 7, § 22. Because the adoption of an ordinance by a municipality is "subject to the constitution and law", such broad power to adopt ordinances relating to municipal concerns may be "preempted" if a state statutory scheme occupies the field of regulation which the municipality seeks to enter. Townships, however, have no police power of their own, but have only those powers

and immunities which are provided by law. Const 1963, art 7, § 17, *Brandon Twp v North-Oakland Residential Services, Inc,* 110 Mich App 300, 304; 312 NW2d 238 (1982), *lv den* 412 Mich 900 (1982). Their ability to pass laws comes directly from the legislative enactments. As a result, the function of this Court, when township ordinances are involved, appears to be one relating more to statutory construction and interpretation than one of making a determination of preemption.

However, the rules of preemption are not totally irrelevant to zoning disputes. The zoning ordinance involved in the present case is based on the Township Rural Zoning Act, MCL 125.271 *et seq.;* MSA 5.2963(1) *et seq.* That statute grants townships the power to pass ordinances concerning zoning. Likewise, the Legislature has passed a municipal zoning enabling act since Const 1963, art 7, § 22 does not grant cities power to zone independent of enabling legislation. *Dearborn v Dep't of Social Services,* 120 Mich App 125, 131; 327 NW2d 419 (1982), *lv den* 417 Mich 1078 (1983). The zoning enabling acts give cities and townships broad authority to pass ordinances concerning zoning. This broad statutory authority to pass ordinances is similar to the constitutional authority granted to cities under Const 1963, art 7, § 22. Thus, in attempting to interpret the relevant statutes and to accord them with one another, preemption principles may provide guidance by analogy. The same basic concerns involved in a determination of preemption in regard to other local ordinances may aid in a determination of the validity of township zoning ordinances. Preemption principles indicate that a township should be precluded from enacting a zoning ordinance if there is a direct conflict with a state statutory scheme of if the state statutory scheme occupies

the field of regulation which the township seeks to enter. Regardless of the labels which may be attached to our analysis of the validity of the provisions of the ordinance, it is clear that we must look to the statutes of this state and attempt to determine the intent of the Legislature.

## IV

The township board of any organized township is given very broad and general authority to adopt zoning ordinances by the Township Rural Zoning Act, MCL 125.271 *et seq.;* MSA 5.2963(1) *et seq.* That statute must be reconciled with the statutes granting power and jurisdiction to the MPSC over electric transmission lines.

First, MCL 460.6; MSA 22.13(6) vests the MPSC with complete power and jurisdiction to regulate public utilities in the state, including power and jurisdiction to regulate matters pertaining to the operation of public utilities. That portion of the act has been determined by the Supreme Court to be merely an outline of the commission's jurisdiction and not a grant of specific powers to the commission.

However, the transmission of electricity through highways act, MCL 460.551 *et seq.;* MSA 22.151 *et seq.,* does grant specific powers to the commission to regulate the transmission of electricity. Section 4 of the act permits the commission to require the filing of detailed specifications covering the types of construction of electric transmission lines. Utilities may then construct the lines according to the commission's specifications. Section 5 of the act allows the commission to inspect and examine all electrical apparatus already installed and gives the commission power to order improvements in methods employed to transmit electricity. The act

consistently limits the commission's power to regulate by referring to the transmission of electricity in, on, or through "the public highways, streets and places". The commission has been given the authority to regulate transmission in such places even though a township retains the right reasonably to refuse consent to the initial construction or erection of power lines. See Const 1963, art 7, § 29; MCL 247.183; MSA 9.263, MCL 247.185; MSA 9.265, MCL 460.553; MSA 22.153. This express legislative grant of power to the commission to control the transmission of electricity in, on, or through the public highways, streets and places precludes a township from passing ordinances regarding the same subject matter. Moreover, the limitation on the commission's power to regulate the transmission of electricity to that which occurs in, on, or through public highways, streets and places indicates a legislative intent that there should be no regulation of the lines on private property. If the MPSC, a specialized agency which could exert uniform control over extensive systems of transmission lines, is not allowed to regulate the safety of transmission lines on private property, we cannot believe that the Legislature would have intended for individual townships to be allowed to do so. We conclude that the provisions of the Township Rural Zoning Act do not empower a township to make safety regulations regarding electric transmission lines.

We do not deem it necessary to attach a formal label such as "preemption" to this case. Whether "preemption" or mere "statutory construction" is involved, the provisions of the township ordinance are invalid. While a township may have other legitimate zoning concerns, such as location and route, a township cannot validly regulate the safety aspects of electrical transmission lines pur-

suant to its zoning laws. As noted in *Detroit Edison Co v Wixom,* 382 Mich 673, 682, the commission's interest is in the character of the construction as it relates to the safety of the proposed line, the capacity of the line, the need for the line, and its total relation to the maintenance of electrical service to the people. The township's narrow area of concern is for the development of the community through which the line passes.

Because the provisions of the township ordinance are invalid, the trial court properly granted summary judgment in favor of plaintiff. The judgment of the trial court is therefore affirmed.

Affirmed.