DEPARTMENT OF TRANSPORTATION v JOSLYN LAND
COMPANY

Docket No. 99483. Submitted June 29, 1988, at Detroit. Decided
November 17, 1988.

The Department of Transportation brought an action in Oakland
Circuit Court pursuant to the Uniform Condemnation Proce-
dures Act for the condemnation of property belonging to Joslyn
Land Company and others for the purpose of improving a
freeway interchange. During the trial, the parties agreed to
settle for $60,000 plus interest, although they disagreed on the
manner of computing the interest, leaving that issue to be
determined by the trial court. The court, Norman L. Lippitt, J.,
concluded that § 15 of the UCPA adopted the method of interest
computation from 26 USC 6622 of the Internal Revenue Code
and awarded defendants interest compounded daily on their
judgment. The Department of Transportation appealed.

The Court of Appeals *held:*

Section 15 of the UCPA provides that interest shall be com-
puted at the interest rate applicable to a federal income tax
deficiency or penalty, but does not specifically mention whether
interest should be calculated in the same manner as provided
for federal income tax deficiencies or penalties. Due to the
absence of any language providing for compound interest, § 15
provides only for simple interest at the rate set by 26 USC
6621. The circuit court erred in determining that § 15 autho-
rized awarding interest compounded daily as computed under
26 USC 6622.

Reversed and remanded for entry of judgment awarding
simple interest.

INTEREST — UNIFORM CONDEMNATION PROCEDURES ACT.

Interest awarded pursuant to § 15 of the Uniform Condemnation
Procedures Act is simple interest, not compounded interest
(MCL 213.65; MSA 8.265[15]).

REFERENCES
Am Jur 2d, Eminent Domain §§ 297-307.
Validity and construction of statute or rule allowing or changing
rate of prejudgment interest in tort actions. 40 ALR4th 147.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Patrick F. Isom, Ronald F. Rose,* and *John M. Roche,* Assistant Attorneys General, for plaintiff.

*Bert Burgoyne, P.C.,* and *Butzel, Long, Gust, Klein & Van Zile, P.C.* (by *Bert Burgoyne*), for defendant.

Before: MICHAEL J. KELLY, P.J., and MAHER and M. WARSHAWSKY,* JJ.

PER CURIAM. This appeal concerns the proper method for computing the interest due on a condemnation judgment under the Uniform Condemnation Procedures Act, MCL 213.51 *et seq.*; MSA 8.265(1) *et seq.* Plaintiff Michigan Department of Transportation appeals from a circuit court judgment awarding defendants compounded daily interest on their condemnation judgment. We reverse.

The Department of Transportation brought an action pursuant to the UCPA for the condemnation of defendants' property in order to improve a freeway interchange. During the trial on this matter, the parties agreed to settle for $60,000 plus interest, although they disagreed on the manner of computing the interest, leaving that issue to be determined by the trial court. The circuit court concluded that § 15 of the UCPA adopted the method of interest computation from 26 USC 6622 of the Internal Revenue Code and awarded defendants interest compounded daily on their judgment.

The Department of Transportation contends that the circuit court erred by determining that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the interest due under the UCPA should be compounded daily. We agree.

Section 15 of the UCPA provides for the payment of interest on a condemnation judgment award:

> The court shall award interest on the judgment amount from the date of the filing of the complaint to the date of payment of the amount, or any part of the amount. Interest shall be computed at the interest rate applicable to a federal income tax deficiency or penalty. [MCL 213.65; MSA 8.265(15).]

Defendants argue that this language requires that the interest should be computed according to the method provided by the Internal Revenue Code, which requires that "such interest and such amount shall be compounded daily." 26 USC 6622. The Department of Transportation contends that § 15 of the UCPA adopts the interest rates established by applying 26 USC 6621 of the Internal Revenue Code, but does not adopt the method of interest calculation provided by 26 USC 6622.

The right to interest on judgments is purely a statutory creation; in order to allow interest on a judgment, it must be specifically authorized by statute. *In re Irwin Estate,* 162 Mich App 522, 531; 413 NW2d 37 (1987); *Federal-Mogul Corp v Dep't of Treasury,* 161 Mich App 346, 357-358; 411 NW2d 169 (1987). Statutes providing for interest on judgments are in derogation of the common law, which did not allow for interest on judgments, and so must be strictly construed. *Dep't of Civil Rights v Horizon Tube Fabricating, Inc,* 148 Mich App 633, 640-641; 385 NW2d 685 (1986); *Schwartz v Piper Aircraft Corp,* 90 Mich App 324, 326; 282 NW2d 306 (1979).

The cardinal rule of statutory construction is to give effect to the intent of the Legislature. *Gage v*

*Ford Motor Co,* 423 Mich 250, 260; 377 NW2d 709 (1985). The language of the statute is the best source for ascertaining the Legislature's intent. *Fox & Associates, Inc v Hayes Twp,* 162 Mich App 647, 651; 413 NW2d 465 (1987), lv gtd 430 Mich 858 (1988). The language used in § 15 of the UCPA provides that interest be computed at the rate applicable to a federal income tax deficiency or penalty, but does not specifically mention whether interest should be calculated in the same manner as provided for federal income tax deficiencies or penalties. Legislative inclusion of something by specific mention usually excludes that which is not mentioned. *Id.,* at 654. In the absence of specific statutory language adopting the method of interest calculation used in the Internal Revenue Code, strict construction of § 15 leads us to conclude that the Legislature intended only to adopt the interest rate applicable to a federal income tax deficiency or penalty and not the method of calculating that interest. Due to the absence of any language providing for compounded interest, we hold that § 15 provides only for simple interest at the rate set by 26 USC 6621.

Where the Legislature has intended to allow compounded interest on a money judgment, it has specifically provided for such in the language of the statute. See MCL 600.6013(2)-(6); MSA 27A.6013(2)-(6). Here the Legislature easily could have written § 15 to provide for daily compounding of interest or use of the same method of interest computation as provided in the Internal Revenue Code, but chose not to. Instead, MCL 213.65; MSA 8.265(15) provides for interest solely on the judgment amount. Since interest which accrues on the judgment is not part of the judgment, the statute does not permit interest on the accrued interest. *Schwartz, supra,* at 327. The circuit court erred in

determining that § 15 authorized awarding interest compounded daily as computed under 26 USC 6622.

Reversed and remanded for entry of judgment consistent with this opinion.